THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK STECKLER, Appellant, *v.* WARDEN OF CITY PRISON, Respondent.

(Argued June 2, 1932; decided July 19, 1932.)

*Daniel H. Prior* and *Bernard Fliashnick* for appellant. The Board of City Magistrates had no authority to create a Commercial Frauds Court. (*People* v. *Fuchs,* 215 N. Y. 725.)

*Thomas C. T. Crain, District Attorney* (*Le Roy Mandle* of counsel), for respondent. The Commercial Frauds Court of the Magistrates' Court of the City of New York was properly created by resolution of the Board of City Magistrates passed under and by virtue of section 70 of the Inferior Criminal Courts Act. (*People* v. *Johnson,* 187 N. Y. 319; *People ex rel. Unger* v. *Kennedy,* 207 N. Y. 533; *People ex rel. Sexton* v. *Warden,* 216 App. Div. 223; 243 N. Y. 549; *Deisel* v. *Gaynor,* 141 App. Div. 636.)

POUND, Ch. J. On March 4, 1931, relator appeared before one of the City Magistrates' Courts of the City of New York, known as the Commercial Frauds Court, Borough of Manhattan, for a preliminary examination on a charge of having violated Penal Law, section 1293-b, in that he gave a false and fraudulent financial statement relative to the condition of Poice Fair Brassiere Company, of which he was president, and thereby secured credit from the complainant Ansonia O. & A. Co. After such hearing he was held by the City Magistrate for trial in the Court of Special Sessions. He sued out a writ of habeas corpus attacking the lawful creation and existence of the Commercial Frauds Court. The writ was dismissed at Special Term. The order dismissing the writ was unanimously affirmed by the Appellate Division.

The only question before this court is whether the magistrate sitting in the Commercial Frauds Court had jurisdiction to hold relator for trial. (*People ex rel. Doyle* v. *Atwell,* 232 N. Y. 96.)

Under the provisions of the Inferior Criminal Courts Act of the City of New York, section 70 (L. 1910, ch. 659, as amd., L. 1915, ch. 531, § 19), the Board of City Magistrates " may provide for holding in any borough such

special city magistrates' courts or courts of special sessions for the *trial* of specified classes of offenses or offenders, and to be held at such times and places, as they shall determine."

Acting under this authority the Board of City Magistrates had on December 16, 1930, authorized a special court to be known as the Commercial Frauds Court, Borough of Manhattan, " such court to hear cases involving commercial fraud and such court to be held at such time and place as shall be designated by the Chief City Magistrate." Appellant contends that the Board of City Magistrates had no authority to create such a court for the purpose of examining the case and holding the accused for trial; that section 70 authorized the Board to make provision for the *trial* of specified classes of cases only and that the word " trial " does not include the preliminary hearing before the magistrate.

The meaning of the word " trial " as a law term depends on the connection in which it is used (Century Dictionary). In the summary of contents of the Code of Criminal Procedure (§§ 388–454) " trial " covers only so much of a criminal prosecution as begins with the opening of the case to the jury and ends with the verdict; the actual trial of the defendant by the jury. It does not include the information, arrest, examination, indictment, arraignment, plea, formation of the trial jury or sentence. To like effect are many cases. ( *United States* v. *Curtis*, 4 Mason, 232; *Carpenter* v. *Winn*, 221 U. S. 533; *State* v. *Bergman*, 37 Minn. 407; *State* v. *Bilboa*, 190 Pac. Rep. 248; *Commonwealth* v. *Soderquest*, 183 Mass. 199.) These cases for the most part construe statutes like our Code which cover the entire field of criminal procedure. They mark the separation of a criminal case into its component parts.

We are not bound to accept this definition if it is not in keeping with the purpose of the statute before us and another sensible meaning may be given to the word.

It may be given a meaning broad enough to include the examination of criminal cases by a court in all their stages. (*State* v. *Nash*, 7 Iowa, 347.)

The general jurisdiction of the city magistrates is defined by section 72 of the Inferior Criminal Courts Act as follows: " The chief city magistrate and the city magistrates of the city of New York are magistrates within the meaning of the provisions of the code of criminal procedure and the penal law, and city magistrates' courts are police courts within the meaning of the provisions of the code of criminal procedure and the penal law." They try petty offenses and hold for the Special Sessions for trial in other cases. Obviously they could not, under section 70, provide for the trial only of any case if the word " trial " is to be given such a limited technical meaning as would exclude information, arraignment, plea and sentence. To give any effect to the statute a non-technical meaning must be given to a technical word and the word must be construed to include all that leads up to and follows a trial in a City Magistrate's Court of a case which the court had jurisdiction to try. This much seems to be conceded but it is urged that we cannot go further and include the preliminary hearing and holding for trial at Special Sessions without violating the declared meaning of the Legislature. The cardinal rule for the construction of legislative acts is to ascertain the intent of the Legislature. When that is determined the language must, if possible, be construed to make the intent effective. (*Farmers' Bank* v. *Hale*, 59 N. Y. 53; *River Wear Commissioners* v. *Adamson*, 2 A. C. 743, 763–765; *103 Park Ave. Co.* v. *Exchange Buffet Corp.*, 242 N. Y. 366, 374.) It may be better to defeat the object of the act than to guess at the intention of the Legislature. (*King* v. *Barham*, 8 Barn. & C. 99.) Here, however, we have the legislative intent revealed in the language of chapter 537 of the Laws of 1932, amending

section 70 of the Inferior Criminal Courts Act to read as follows: " The board of city magistrates may provide for holding in any borough such special city magistrates' courts or courts of special sessions for the *arraignment, examination, hearing, trial or determination* of specified classes of offenses or offenders, and to be held at such times and places, as they shall determine." Technical language is thus substituted in the corrective act for non-technical language and the intention to provide for the creation of a special City Magistrate's Court to act like any other Magistrate's Court in a specified class of cases is clearly expressed.

The order should be affirmed.

CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Order affirmed.