In the Matter of the Application of JOSEPH and GLORIA GROSS, Petitioners, for an Order against EDWARD WEINFELD, as State Commissioner of Housing, Respondent.

KNICKERBOCKER VILLAGE, INC., Intervenor.

Supreme Court, Special Term, New York County, April 22, 1940.

*Winer, Ellis & Samburg* [*Nathan Dambroff* and *P. Wolf Winer* of counsel], for the petitioners.

*John J. Bennett, Jr., Attorney-General* [*Ira S. Robbins, Counsel for Division of Housing,* of counsel], for the respondent.

*Wagner, Quillinan & Rifkind,* for the intervenor.

SCHMUCK, J. This is an application to direct the State Commissioner of Housing to compel Knickerbocker Village, Inc., the former landlord of the petitioners, to renew their lease or in the alternative to compel the landlord to accept their application for an available apartment for which their income makes them eligible. Knickerbocker Village, Inc., is a public limited dividend housing corporation organized under the Public Housing Law (Laws of 1939, chap. 808). After petitioners were denied a renewal of their lease they asked for a hearing before the State Commissioner of Housing in order to obtain a direction for a renewal. After a formal hearing with sworn testimony the Commissioner found the tenants ineligible for renewal on the ground that their income was in excess of five times the rental. They then applied for a direction to be permitted

to take an available apartment of the same size, but higher rental, so as to come within the eligible class in relation to the ratio of rental to income. The Commissioner then had his attention called to his possible lack of power to direct the performance of his order compelling such renting. On consulting the Attorney-General he was informed that subdivision 3 of section 182 of the Public Housing Law was limited to housing projects completed after 1939. That subdivision contained the provision as to the authority of the Superintendent, now known as Commissioner, to compel a housing company to accept a tenant whose application was approved by him.

While the Attorney-General's opinion as to the prospective character of the legislation of 1939 is not entirely persuasive, I am nevertheless constrained to deny the application. The petitioning tenants have removed to another building, and have obligated themselves under a lease extending to December 30, 1941. The question has thus become academic. As submitted, I cannot make a declaration of rights as upon a declaratory judgment. The petition is denied, without costs.