In the Matter of the Application of HERMAN ROSENTHAL, Petitioner, for an Order against EDWARD WEINFELD, as State Commissioner of Housing, Respondent.

KNICKERBOCKER VILLAGE, INC., Intervenor.*

Supreme Court, Special Term, New York County, August 6, 1940.

*P. Wolf Winer* [*Osmond K. Fraenkel* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Ira S. Robbins, Counsel for Division of Housing*, of counsel], for the respondent.

*Wagner, Quillinan & Rifkind*, for the intervenor.

*Barney Rosenstein*, for the Hillside Tenants Association, *amicus curiæ*.

*Nathan Danbroff*, for the Knickerbocker Village Tenants Association, *amicus curiæ*.

BENVENGA, J. This is an application, pursuant to article 78 of the Civil Practice Act, to compel the State Commissioner of Housing to order Knickerbocker Village, Inc., to renew petitioner's

---

* See *Matter of Gross* v. *Weinfeld* (174 Misc. 1086).

lease in a limited dividend housing project known as Knickerbocker Village.

The facts are not disputed. Knickerbocker Village, Inc., the landlord, is a housing corporation organized under the Public Housing Law (Laws of 1939, chap. 808). It owns and operates apartment houses in the project known as Knickerbocker Village. The petitioner, with his family, occupies an apartment in one of the buildings under a lease which will terminate on August 31, 1940. Under section 31 of the Regulations of the State Board of Housing, providing for low income preference, the petitioner is eligible and entitled to a preference. He has applied for a renewal of his lease, and has requested leave to file an application therefor. Such leave has been denied and a renewal of his lease refused. Although requested to do so by the petitioner and the Commissioner of Housing, the landlord corporation has declined to reveal the reason for its refusal, except to state that it does not consider the petitioner a desirable or acceptable tenant. The position taken by the corporation is that its action is not reviewable by the Commissioner of Housing. The Attorney-General is of that opinion and the Commissioner concurs in it. He has, therefore, refused to take steps to compel the landlord to disclose its reasons, or to renew the lease.

The question presented is whether, under the circumstances, the Commissioner of Housing has jurisdiction to review the action of the landlord corporation, and to order it to renew the petitioner's lease. Specifically, the problem is whether this power exists under either the Regulations of the State Board of Housing or the provisions of the Public Housing Law.

So far as material the Regulations of the State Board of Housing (effective August, 1936) provide:

§ 27. " The Corporation shall permit without let or hindrance, condition or limitation, every Applicant for an apartment lease to fill out and execute an approved ' Application for Apartment Lease ' in duplicate."

§ 29. " The Corporation shall cause to be made by an independent agency an investigation covering the statements set forth in the application and any other factors which may have a bearing upon the eligibility of the Applicant, and shall deliver the duplicate original of such application and the report of such investigation, *together with notice of its intention to approve or reject such application,* to the Board of Housing at its offices at 80 Centre Street, New York City; and *in any case in which the Corporation shall notify the Board of Housing of its intention to reject the application, it shall set forth the grounds for such decision.* No Corporation shall cause or permit any inquiry to be made as to the religion, racial extraction or political affiliation of Applicants for an apartment lease, nor shall any

application for an apartment lease be approved or disapproved on the basis of the religion, racial extraction or political affiliation of the Applicant."

§ 41. " Every lease entered into by the Corporation shall state that it is *subject to the provisions of the Housing Law of the State of New York, and to the rules, regulations and orders of the Board of Housing of the State of New York.*"

§ 43. " Any agreement between the Corporation and the Tenant for the renewal of his lease which involves any change in the terms or conditions of the original lease shall be submitted to the Board *for its approval.* If, however, such original lease is renewed without any change in its terms or conditions, the Corporation shall not be required to submit such renewal for the approval of the Board, but shall promptly notify the Board in writing that such renewal has been made, setting forth the name of the Tenant and the number a 1d location of his apartment, store or garage."

These Regulations were in existence when the petitioner entered into the lease and also when he applied for a renewal thereof. They set forth, fully and explicitly, the manner in which applications for leases and renewals are to be made, investigated and reported on. They show clearly that any one is entitled, as of right, to file an application, not only for the lease of an apartment (§ 27), but for the renewal of such a lease (§ 43). The housing corporation is required to notify the Commissioner of its intention to approve or reject the application, and, in case it rejects the application, to state the grounds for such rejection (§ 29). Where a lease is renewed, the Commissioner is to be promptly notified of the fact; and, if the terms or conditions of the original lease are changed, the new lease must be submitted to and approved by the Commissioner (§ 43).

It is true that sections 26 to 41 of the Regulations have to do with leases, while sections 42 and 43 deal with renewals. But all of these sections must be read together and in connection with the pertinent provisions of the Public Housing Law to ascertain their spirit and intent. When so read, it would seem that the petitioner is entitled to fill out an application for the renewal of his lease, to have it passed upon by the housing corporation, and to have its action reviewed by the Commissioner. No reason is apparent why the Commissioner should be vested with discretion in the case of an application for a lease and denied such discretion in the case of the renewal of such a lease. It would seem, therefore, that by arbitrarily refusing to permit the petitioner to file his application for renewal, and, further, by refusing to state the grounds for rejecting the application, the housing corporation violated the spirit and intent of the law. It follows that the Commissioner should compel

the corporation to state specifically the reason for its action; and, if he considers the same illegal or insufficient, to compel the corporation to renew the lease.

Not only does the Commissioner possess such power under the Regulations in question but he also possesses it under the provisions of the Public Housing Law. Subdivision 3 of section 182 of that law specifically provides that " The Commissioner may approve or disapprove a lease or a renewal thereof,.to a prospective tenant, and may compel a housing company to accept a tenant whose application for a lease or a renewal thereof is approved by the Commissioner."

Here, to paraphrase the language of the court in *People ex rel. Steckler* v. *Warden* (259 N. Y. 430, 433), if there was any uncertainty prior to 1939, as to the authority of the Commissioner to approve or disapprove leases or the renewals thereof, we have the legislative intent clearly revealed in the language· of subdivision 3 of section 182, added in 1939.

But it is said that this provision was added in 1939, because of doubts expressed by Justice ROSENMAN in *Matter of Solly* (N. Y. L. J. Sept. 4, 1935, p. 644) as to whether the Commissioner possessed power to compel the renewal of leases. (See Report of State Board of Housing, N. Y. Legis. Doc. [1936] No. 41, pp. 12, 13.) I fail to perceive that the court expressed any doubt on the subject. He simply did not pass on the question. He merely stated that " Whether the power is present, is not before the court on this proceeding."

Now the question is before the court. Not only did the power exist under the Regulations of the State Board of Housing, in effect prior to the enactment of section 182 of the Public Housing Law, but it also exists now by virtue of such enactment. I am inclined to agree with the view expressed by Justice SCHMUCK in *Matter of Gross* v. *Weinfeld* (174 Misc. 1086), that the argument that the power of the Commissioner over leases and renewals is confined only to projects constructed after July, 1931, the effective date of the statute, is " not entirely persuasive."

It follows that tenants who are denied renewals of leases in projects under the jurisdiction of the Board of Housing, whether constructed before or after July, 1939, are entitled to a statement of the reasons for non-renewal of their leases.

However, the relief prayed for by the petitioner cannot, in this proceeding, be granted in its entirety. It is granted only in so far as it requests the Commissioner to direct and compel the landlord, Knickerbocker Village, Inc., to permit the petitioner to file an application for the letting of the available apartment presently occupied by him and his family in Knickerbocker Village.

Settle order.