THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RICE ASSOCIATES, INC., et al., Defendants.

County Court, Chautauqua County, July 27, 1945.

*Harley N. Crosby* and *Patrick S. Guinnano* for defendants.

*Nathaniel L. Goldstein, Attorney-General* (*Emil L. Cohen* and *Sidney T. Hewes* of counsel), for plaintiff.

BODINE, J. Defendants are charged with the crime of unlawfully practicing medicine as defined by subdivision 7 of section 1250 of the Education Law. Jury trial was demanded and following denial of a motion to set aside as against Rice Associates, Inc., date of trial was set for April 26, 1945. In the meantime a motion on behalf of defendants to dismiss and strike out certain allegations from the information was to be submitted on briefs. It appears from the return of the justice, filed with the moving papers, that a brief was submitted by the defendants but not by the People; that on April 26th the People did not appear; that the defendants did appear and adjourned the case to July 26th. The affidavit of the justice concludes with the allegation " That the trial of the defendants has commenced in Justice Court and is still pending ". Prior to the date set for trial, April 26, 1945, the Grand Jury of Chautauqua County reported to the Supreme Court an indictment against these defendants for the same offenses then pending in the Court of Special Sessions. The indictment was filed April 11, 1945, and on that day was transferred to the County Court for trial. No further proceedings have been had in the Court of Special Sessions.

It is conceded that the Court of Special Sessions had jurisdiction to hear and determine the case under subdivision 4 of section 1263 of the Education Law, even though the punishment provided exceeds the ordinary jurisdiction of that court, and it is likewise conceded that the prosecution could have been initiated in the first instance by indictment. Subdivision 4 of section 1263 further provides that the prosecution in a Court of Special Sessions shall be conducted by the Attorney-General,

provided, however, that nothing in the section should be interpreted to prevent or impede the prosecution of such proceedings by the district attorney of any county having a population of 500,000 or more (thus excluding Chautauqua County), when such proceedings shall have been initiated by him.

The grounds for this motion are: (1) that the Court of Special Sessions has exclusive jurisdiction of the case; (2) that where two courts have concurrent jurisdiction the court first to acquire it retains it to the exclusion of the other; and (3) that the indictment appears to have been procured at the instance of the District Attorney rather than by the Attorney-General. It is the People's contention not only that the Court of Special Sessions does not have exclusive jurisdiction under the statutes relating to the jurisdiction of such courts, but further that the matter is controlled by section 59-a of the Code of Criminal Procedure, providing that a court of special sessions " shall be divested of jurisdiction to proceed with the hearing and determination of any charge of misdemeanor if, before the commencement of the trial of any person accused of a misdemeanor, a grand jury shall present an indictment against the same person for the same offense."

It will thus be seen that our problem divides itself into two main parts. Does the Court of Special Sessions have exclusive jurisdiction irrespective of the provisions of section 59-a of the Code, and if section 59-a does apply generally, does it so apply under the facts presented here where an indictment has been found after arrest, arraignment and hearing and a date set for trial before a jury? In other words, are these preliminaries equivalent to commencement of a trial as contemplated by the statute?

In my opinion, while the Court of Special Sessions had full and exclusive jurisdiction in the first instance, it was subject to be divested in a proper case by the provisions of section 59-a. The violation in question is one of those embraced in subdivision 37 of section 56 of the Code. Section 56 provides that courts of special sessions have in the first instance exclusive jurisdiction to hear and determine enumerated charges of misdemeanors, subject to the power of removal provided for in chapter I of which the section is a part. Section 57 gives a right apparently to both People and the defendant to move to a superior court. Section 59 gives the courts of special sessions jurisdiction to try and determine complaints for all such crimes unless the defendant obtains the certificate mentioned in section 57. Then follows section 59-a of the same chapter. Unless

we are to hold that section 59-a is meaningless, especially since it now includes and is applicable to all counties of the State instead of merely to two counties as formerly, it must be read in connection with the first paragraph of section 56 and treated as embracing a " power of removal " which, when exercised, divests the lower court of jurisdiction. Furthermore, the words " exclusive jurisdiction ", as used in those sections, were not intended to limit the jurisdiction of courts of general jurisdiction and, therefore, were not intended to limit the general jurisdiction of a grand jury, especially in view of section 252 of the Code, providing that the grand jury has power to inquire into all crimes committed or triable in the county. (*People ex rel. Kawiecki* v. *Carhart,* 170 Misc. 894.) I hold, therefore, that if the indictment in question was presented prior to the " commencement of the trial " of these defendants, as contemplated in section 59-a, the Court of Special Sessions has been divested of jurisdiction.

On its face, the meaning of the statute is clear. It is only when we read it in relation to reported cases that it may take on a different significance. " The meaning of the word ' trial ' as a law term depends on the connection in which it is used \* \* \*." It was accordingly held under the particular facts set forth in *People ex rel. Steckler* v. *Warden, etc.* (259 N. Y. 430, 432, 433) that it must not necessarily be limited to such technical meaning as would exclude information, arraignment, pleas and sentence. " The cardinal rule ", said the court, " for the construction of legislative acts is to ascertain the intent of the Legislature. When that is determined the language must, if possible, be construed to make the intent effective." The statute itself gives no hint of the underlying reasons for its enactment. There is merely the unequivocal fiat that if before the commencement of the trial of an alleged misdemeanant in the Court of Special Sessions or Police Court a grand jury presents an indictment for the same offense, the lower courts " shall be divested of jurisdiction to proceed with the hearing and determination ". It does not seem compatible with the plain wording of the statute to expand the meaning of the word " trial " under the facts here present to include the laying of the information, issue of the warrant, arraignment, hearing, drawing of the jury and making and decision of motions. We should, it seems, in the first instance determine that the Legislature in adding this section intended to attach the same meaning to the word " trial " as the framers of the code evidently did in separating and labeling the various steps in a criminal

prosecution under separate parts as " The Information ", " The Warrant of Arrest ", " Of the Trial ", etc. If the intent had been that the lower court would be divested of jurisdiction by the presentment of an indictment only before information laid, or before arrest, or before hearing, as the case might be, plainly the statute would have so provided. This is not a case calling for an expansion of the meaning of the word " trial " beyond its commonly accepted meaning which is that part of a proceeding, criminal or civil, which is deemed to begin with the opening of the case to the jury and ends with the verdict. (*People ex rel. Steckler* v. *Warden, etc., supra.*) To hold otherwise would appear to render the section meaningless and without objective.

The remaining point for consideration is that the indictment in form was signed by the District Attorney, whereas subdivision 4 of section 1263 of the Education Law provides that the crime shall be prosecuted by the Attorney-General, except that in counties of 500,000 population or more the district attorney may prosecute where the proceedings have been initiated by him. It appears from the affidavit of the Assistant Attorney-General that he personally presented the case to the Grand Jury, drew the indictment, and that it was signed by the District Attorney at his request. It is not necessary that an indictment be signed by the district attorney (*People* v. *Lester*, 267 App. Div. 537), and it would necessarily follow that an indictment, to be valid, need not be signed by the Attorney-General where he was the presenting officer. In other words, the signing of an indictment by the district attorney, or Attorney-General for that matter, is a mere clerical act of no particular consequence. It is the indorsement by the foreman of the grand jury which is essential. (*People* v. *Lester, supra.*) It follows, therefore, that this point is without merit.

In view of the foregoing considerations, the motion to dismiss the indictment must be denied.