denies a motion for a new trial.) Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ.

MARY McIVER, Appellant, v. WEGMAN'S FOOD MARKETS, INC., Respondent. — Judgment and order affirmed, without costs of this appeal to either party. All concur. (The judgment is for defendant for no cause of action in a negligence action. The order denies a motion for a new trial.) Present — Taylor, P. J., Dowling, Harris, McCurn and Love, JJ. [See 270 App. Div. 799.]

MARY McIVER, as Administratrix of the Estate of HAROLD W. McIVER, Deceased, Appellant, v. WEGMAN'S FOOD MARKETS, INC., Respondent.— Judgment and order affirmed, without costs of this appeal to either party. All concur. (The judgment is for defendant for no cause of action in a negligence action. The order denies a motion for a new trial.) Present — Taylor, P. J., Dowling, Harris, McCurn and Love, JJ. [See 270 App. Div. 799.]

H. ORVILLE WARNER, Respondent, v. SYRACUSE SUPPLY Co., INC., Appellant. — Order entered July 5, 1945, modified so as to provide for leave to renew upon a proper showing, without costs of this appeal to either party. Order entered July 24, 1945, reversed, without costs of this appeal to either party, and motion to renew motion granted, without costs, and motion to open the default of defendant and to vacate the judgment herein and to permit the defendant to serve its answer granted, without costs. All concur. (One order denies a motion by defendant to open default in pleading in a replevin action. The other order denies a motion by defendant for leave to renew its motion to open default.) Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ. [See post, p. 1011.]

MARY U. ALLEN, Respondent, v. ERVIN H. ALLEN, Appellant.— Order affirmed, with $10 costs and disbursements. All concur. (The order grants temporary alimony pending trial, and counsel fees, in a separation action.) Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICE ASSOCIATES, INC., et al., Appellants.— Motion to dismiss appeal granted on the ground that the order is not appealable. [185 Misc. 473.]

## (October 31, 1945.)

In the Matter of SEYMOUR A. COLE, Petitioner, against RAY LYBOLT et al., Constituting the Board of Fire and Police Commissioners of the City of Fulton, Respondents.— Determination annulled and petitioner ordered reinstated, with $50 costs and disbursements. Memorandum: In substance, the charges accused petitioner of conduct unbecoming a police officer, rendering him unfit to discharge his duties as Chief of Police of Fulton, N. Y. The City Charter of Fulton (§ 113; L. 1902, ch. 63, as amd.) required the police commissioners to prescribe rules and regulations for the government and discipline of the police department and the officers and members thereof. The Charter (§ 135) provides that charges " must be put in writing in the form required by the rules of the police department " and the commissioners must " hear, try and determine the charges, according to the rules of the police department." Whether or not the charges were in the form required by the rules of the police department or whether they were determined according to such rules does not appear as the rules and regulations were not introduced in evidence and are not before us. Subdivision 2 of section 17 of the Charter as amended by chapter 533 of the Laws of 1919 provides that city officers appointed for an indefinite term, as was petitioner, can be removed only " if the charges are sustained by a