THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN B. JACKSON, Appellant.

County Court, Suffolk County, December 30, 1947.

*Lindsay R. Henry, District Attorney* (*Lloyd P. Dodge* of counsel), for respondent.

*Sidney R. Siben* for appellant.

RITCHIE, J.   John B. Jackson was arrested on September 13, 1947, charged with a violation of section 43 of the Penal Law, which is a misdemeanor.   On the following day, September 14th, a Sunday, he was taken before a magistrate of the town of Islip, Suffolk County, New York, and after being arraigned, he pleaded guilty and was thereupon sentenced to 180 days in the Suffolk County jail.

From this judgment the defendant has appealed, alleging six grounds of error.   Summarized briefly, they are as follows:

1. That the legal requirements provided for in such cases have not been complied with.

2. That the defendant was intoxicated at the time of his arrest.

3. That the sentencing of the defendant on a Sunday was illegal and void.

4. That the defendant was not informed of his right to counsel at the time he was arraigned.

5. That the defendant enjoyed a good reputation prior to his conviction of the aforesaid crime; that he had never previously been convicted of a crime; that he has steady employment and his family is dependent upon his earnings.

6. That the defendant did not commit the crime he was charged with and convicted of, nor any other crime, and that in any event the sentence was excessive.

The grounds set forth under points 1 and 4 are untenable. From the magistrate's return, it appears that the defendant was fully informed of his constitutional rights, namely, his right to an adjournment to procure counsel, or any witnesses in his behalf; his right to a jury trial or a trial before the court; the right to apply for removal under section 57 of the Code of Criminal Procedure; or that he could plead guilty.

The grounds stated under points 2 and 5 are equally untenable. It matters not that the defendant was intoxicated at the time of his arrest. He does not raise the point that he was arraigned immediately after his arrest and while he was under the influence of liquor. On the contrary, it appears that his case was not disposed of until the day following his arrest.

Point 5 consists merely of an appeal to the sympathy of the court, and presents no question of law for review.

Point 3 presents a slightly more difficult problem. It involves an interpretation of the meaning of the language contained in section 5 of the Judiciary Law.

Prior to April 19, 1930, some confusion existed as to just what a court could or could not do on a Sunday. Despite the diversity of opinion on the part of the courts due to the vagueness of the statute, the prevailing opinions were more or less in accord that the acts of a court of special sessions in arraigning a defendant, accepting his plea of guilty, and imposing sentence upon him on a Sunday, were void. By chapter 602 of the Laws of 1930, effective April 19, 1930, the Legislature saw fit to amend section 5 of the Judiciary Law and the pertinent part as so amended, reads as follows: " a court shall not be opened, or transact any business on Sunday, except to receive a verdict or discharge a *jury and for the receipt by a court of special sessions of a plea of guilty and the pronouncement of sentence thereon in any case in which such court has jurisdiction.*"

Despite this amendment the defendant contends that the imposition of sentence upon him on a Sunday was void, and he relies upon the case of *People* v. *Hewett* (40 N. Y. S. 2d 869) in support of his contention. This case was decided after the aforementioned amendment.

In such case it appears that the defendant was arrested on a charge of petit larceny on a Sunday, and after having been arraigned on the same day, he pleaded guilty and was fined the sum of $20. On appeal to the County Court, the learned judge held that such proceedings constituted a " trial " and since the court could not hold a trial on a Sunday, such acts were void, and that the pronouncement of judgment on Sunday by a magis-

trate, was a judicial act and also void, and the conviction was reversed.

I am not in accord with the decision in *People* v. *Hewett* (*supra*). In my opinion the court stretched a point to expand the meaning of the word " trial ". It is conceded that the Legislature in enacting section 5 of the Judiciary Law, intended to prohibit a trial being held on a Sunday, but the question arises as to just what meaning it attached to the word " trial ".

It has been held that the purpose of section 5 of the Judiciary Law (prior to the 1930 amendment) " * * * was to ' preserve the peace,' and while doing so at the same time to accord to persons, who might otherwise be injured by longer detention, an opportunity to be at once heard and in proper cases set at liberty. Although, therefore, it was not intended to authorize a protracted trial on Sunday, power is given to inquire into the detention, and if nothing further is needed, to dispose of the case." (*People ex rel. Price* v. *Warden,* 73 App. Div. 174, 176.)

Therefore, it is obvious when the court spoke of " a protracted trial on Sunday " it construed the intent of the Legislature to mean a hearing at which testimony would be taken, after the entry of a plea of not guilty, followed by the pronouncement of judgment by the court or a verdict of a jury.

The meaning of the word " trial " as a law term, depends on the connection in which it is used. It has been held that the commonly accepted meaning of the word " trial " is that part of a proceeding, criminal or civil, which is deemed to begin with the opening of a case to the jury and ends with the verdict. (*People ex rel. Steckler* v. *Warden,* 259 N. Y. 430.)

It is also worthy of note that the summary of contents of the Code of Criminal Procedure under the heading " The Trial " (§§ 388–454) covers only so much of a criminal prosecution as begins with the opening of a case to the jury and ends with the verdict. It does not include the information, arrest, examination, indictment, arraignment, plea, formation of the trial jury or sentence.

There is nothing in the text of the 1930 amendment of section 5 of the Judiciary Law which would warrant a conclusion that the Legislature intended to expand the meaning of the word " trial " beyond its commonly accepted meaning as above referred to. The very wording of the amendment belies this. It is clear that the Legislature did intend to create an additional situation in which a court could act on a Sunday, namely, such a situation as existed in the instant case.

While I am aware that in some instances it has been held that an arraignment, a plea of guilty, and the imposition of sentence constituted a trial or was deemed the equivalent thereof, nevertheless, such a finding here would not make the true intent of the Legislature effective, but would defeat the very purpose of the amendment.

I believe one other point decided in *People* v. *Hewett* (*supra*), should be commented upon. It was there held that both at common law and by statute a magistrate had no power to impose sentence and judgment on Sunday, the pronouncement of judgment being a judicial act which was void when granted on Sunday. Conceding that such was the law prior to April 19, 1930, nevertheless, the Legislature had the right to change section 5 in the manner which it thought best, and this is exactly what it did in amending said section to provide for a court accepting a plea of guilty and pronouncing sentence on a Sunday.

Therefore, the judge having acted as a court of special sessions in sentencing the defendant and having had jurisdiction of the case, and the proceedings taken not having constituted a trial, point 3 cannot be sustained.

The last point raised on the appeal, namely 6, has no merit, except that portion thereof which attacks the judgment of the court as being excessive. I am inclined to agree that it was excessive.

Accordingly, the judgment of the court of special sessions of the town of Islip is modified so as to reduce the sentence to thirty days in the county jail, and as so modified, the judgment is affirmed.