Jacob Markowitz, J.
This is a motion by one James D. Norris to quash or modify a subpoena, issued by the District Attorney of New York County, requiring Norris to appear before a Grand Jury which is investigating the sport of boxing. The motion is based upon Norris’ claim (supported by certificates of a physician) that “ any unusual, physical, emotional or mental effort would be deleterious to petitioner’s health and possibly to his life ”.
The District Attorney takes the position that the Supreme Court has no jurisdiction to entertain this application. In the event that the court should hold to the contrary and should order a medical examination of Norris, the District Attorney asks that the physician selected by the court be a cardiologist recommended by the New York Academy of Medicine.
The District Attorney contends that although this court possesses criminal as well as civil jurisdiction, it may exercise its criminal jurisdiction only in those instances where a specific statute expressly empowers it to do so. The claim is made that it is only by virtue of an express statute that the Supreme Court may, for example, entertain a motion for a change of venue (Code Grim. Pro., § 344) or a motion to remove a charge from the Court of Special Sessions to General Sessions or a County Court (N. Y. City Grim. Cts. Act, § 31, subd. 1, par. [c]).
It is unnecessary, however, for the purposes of the present application, to determine whether the criminal jurisdiction of *1000 the Supreme Court may be exercised only to the extent that a specific statute authorizes such exercise. There is likewise no need to consider to what extent the criminal jurisdiction of this court by virtue of the New York State Constitution (People v. Washor, 196 N. Y. 104, 107; People ex rel. Newton v. Special Term, Part 1,193 App. Div. 463) may validly be limited by legislation. The reason that these questions are academic here is that the Court of Appeals, in Matter of Ryan [Hogan] (306 N. Y. 11) declared that an application in this court to quash a subpoena for appearance before a Grand Jury is a civil proceeding and, as such, governed by the practice applicable to civil cases (p. 17): “ The cases of People v.' John Doe ’ (Byk) (247 App. Div. 324, affd. 272 N. Y. 473) and Matter of Di Brizzi (Proskauer) (303 N. Y. 206) are not apposite. In both of those cases the motion to vacate was made at Special Term of the Supreme Court, a court of general jurisdiction empowered to deal with both civil and criminal matters, and, since they were civil proceedings, the right to appeal was dependent upon the practice applicable to civil cases. (Italics supplied.)
In Matter of Ryan [Hogan] (supra), the question presented to the court was the appealability of an order entered upon a motion made in the Court of General Sessions to quash a subpoena for appearance before a Grand Jury presumably drawn for that court (p. 15). In holding that there was no right of appeal, the Court of Appeals, in an opinion by Judge Fboessel, after distinguishing, as previously indicated, cases where the motion to vacate was made in the Supreme Court, went on to say (p. 17): “ In the case we are reviewing, however, petitioner chose to proceed in a court of criminal jurisdiction. By so doing he instituted a criminal proceeding, and his right to appeal is therefore dependent upon the practice applicable to criminal cases. ’ ’ (Capital letters supplied.)
The use of the word “ chose ”, especially in the context in which it appears (the court had just distinguished cases holding that orders entered upon similar motions made in the Supreme Court were appealable) indicates that our highest court was of the opinion that the petitioner in the case before it had the right to move in the Supreme Court, had he' so desired, to vacate the subpoena for appearance before a Grand Jury drawn for the Court of General Sessions. This view is confirmed by the decision in Matter of Inter-City Associates [People] (308 N. Y. 1044). In that case, the Court of Appeals reversed an order of the Appellate Division which had dismissed an appeal from an order of the Supreme Court, entered upon a motion in that court to quash a subpoena for appearance before a Grand Jury, drawn *1001 for the County Court. The Court of Appeals declared that such an order was appealable, stating that the application was a “ civil proceeding ” and citing Matter of Ryan [Hogan] [supra). The court thus necessarily adopted the view that the practice governing civil cases was applicable. The order was affirmed on the merits. It is difficult to believe that the court would have discussed the appealability of an order which the Special Term had lacked power or jurisdiction to make, and would have considered the merits of the appeal, as it did. This is particularly true in the light of the fact that research reveals that the District Attorney’s brief in the Court of Appeals brought to the court’s attention, under the heading “Additional Argument ’ ’, that it had been ‘ urged in the lower Court that the petitioner-appellant’s proceeding should have been instituted in the County Court ”. No case upholding the contention here made by the District Attorney is submitted to the court. In these circumstances, this court is constrained to hold that the present application is civil in nature and that the Supreme Court possesses jurisdiction thereof.
The question still remains, however, whether it would be an abuse of discretion for this court, even though it possesses the power to entertain the present proceeding, to exercise that power. As the court pointed out in Matter of Schneider v. Aulisi (307 N. Y. 376) at page 382, situations may arise where the exercise of this court’s jurisdiction might so interfere with pending criminal proceedings that it would constitute an abuse of discretion for this court to avail itself of its power. It may be that a proper exercise of this court’s discretion would require it to refrain from entertaining a motion to quash or modify a subpoena issued out of the Court of General Sessions requiring an appearance in a pending criminal trial in that court. It does not follow that the exercise of discretion by this court is improvident in considering a motion to quash or modify a subpoena calling for an appearance before a Grand Jury. The fact that an indictment or trial may be pending and that the Grand Jury is continuing its investigation into the general subject matter does not make it an abuse of discretion for this court to consider a motion to quash or modify a subpoena calling for an appearance before such Grand Jury. In this proceeding, the Court of General Sessions has not really commenced to function herein to such an extent that the acceptance of jurisdiction of the present motion by this court would interfere with the orderly administration of justice and constitute an unwarranted interference with the Court of General Sessions.
*1002 The motion is granted to the extent of designating a cardiologist recommended by the New York Academy of Medicine to examine the applicant and report to the court with his opinion. Final determination of the motion will be held in abeyance pending the filing of said report. The name of such cardiologist will be inserted in the order to be settled herein.
Settle order accordingly.