Jacob Markowitz, J.
The defendants, by order to show cause dated May 3, 1961, returnable May 4, 1961, apply to the court for the removal of their trial from the County Court of Bronx County.
The reasons for the application are an alleged claim of bias and prejudice on the part of the presiding Judge, in that he denied bail to defendant Pugach and remanded him; refused to disqualify himself because of such decision; the failure to permit counsel for defendants a voir dire examination of the prospective jurors with respect to their attitude toward wiretaps, and wiretap evidence, to which it appears on oral argument herein, exceptions were taken; in attempting to assign an attorney to another defendant, after his original attorney became ill, and then severing the proceeding as against such defendant, and directing that the trial proceed against the two defendants herein.
Section 344 of the Code -of Criminal Procedure provides for the removal of a criminal action prosecuted by indictment at any time before trial from the County Court to the Supreme Court held in the same county, for good cause shown; or from the Supreme Court, or a County Court, to a term of the Supreme Court held in another county, on the ground that a fair and impartial trial cannot be had in the county where the indictment is pending.
The defendants contend that no trial is in progress, because a juror has not been sworn.
It appears that the proceedings began in the County Court of Bronx County on April 10, 1961. That up to the time of the *927 application 17 court days have been consumed in the selection of a jury. The defense has exhausted 19 of its 20 peremptory challenges.
The application under section 344 of the Code of Criminal Procedure must be made before trial. For the purposes of this application, a trial begins when the jury is called into the box for examination as to qualifications, and the calling of a jury is unquestionably part of the trial (Hopt v. Utah, 110 U. S. 574, 578 ; Wilhite v. Agbayani, 2 Ill. App. 2d 29).
The application herein is untimely, being made after the jurors are being examined as to their qualifications to sit in the case (State v. Lehman, 182 Mo. 424 ; Caples v. State, 3 Okla. Cr. 72).
The fact that the court severed the proceeding against a defendant furnishes no ground for the relief sought. The granting or denial of a severance or separate trial to defendants jointly indicted rests in the discretion of the trial court (People v. Feolo, 282 N. Y. 276 ; Code Crim. Pro., § 391).
Further, on the facts presented, it would be an abuse of discretion for this court to interfere with a pending criminal proceeding (Matter of Schneider v. Aulisi, 307 N. Y. 376, 382 ; Matter of Norris, 13 Misc 2d 998). The application is denied in all respects and the trial is to continue forthwith.