THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* LOUIS DI MARCO and SAMUEL MUSCATO, Respondents.

Fourth Department, July 1, 1963.

*Carman F. Ball, District Attorney (Leonard Finkelstein* of counsel), for appellant.

*Robert P. Galloway* for Louis Di Marco, respondent.

*Towne, Rubenstein & Foster (Joseph Rubenstein* of counsel), for Samuel Muscato, respondent.

*Per Curiam.* This is an appeal by the People from an order sustaining a demurrer and dismissing an indictment charging each of the defendants with being a common gambler in violation of section 970 of the Penal Law.

The ground of the demurrer was that the Grand Jury lacked jurisdiction to present the indictment because the Police Court had not been properly divested of its jurisdiction.

Section 59 of the Code of Criminal Procedure provides:

" A court of special sessions, police court or city court of any city, town or village shall be divested of jurisdiction to proceed with the hearing and determination of any charge of misdemeanor if, before the commencement of the trial of any person accused of a misdemeanor, a grand jury shall present an indictment against the same person for the same offense.

" If the district attorney, before commencement of the trial of any charge of misdemeanor, moves for the adjournment of the proceeding for the purpose of presenting the charge to the next grand jury, the court shall adjourn the hearing and determination of the charge until the discharge of the next grand jury." (See, also, Code Crim. Pro., § 39, subd. 1.)

It appears that the defendants had been arraigned in the Police Court of the Village of Farnham, upon an information charging a violation of section 970, that they had demanded a jury trial and that the process of selecting the jury had been commenced when the Assistant District Attorney moved for " a dismissal of the panel " and " for a change of venue ". The court granted the motion for " a change of venue " and dismissed the panel.

The motion by the Assistant District Attorney was obviously not proper in form, since there is no provision in the law for a change of venue in the Police Court. But notwithstanding the erroneous nature of the motion and the error of the Justice in

granting it, the fact remains that the selection of the jury was terminated and no trial was any longer in progress before the Justice. About six months later, nothing more having been done in the Police Court, the Grand Jury presented the indictment here under consideration, charging the defendants with the same offense with which they had been charged in the Police Court.

Without regard to the definition of the term " commencement of the trial ", we believe that the finding of the indictment by the Grand Jury was proper because in fact no trial was in progress at the time of the indictment. Even if the selection of the jury should be regarded as the commencement of the trial for the purpose of section 59, the Police Justice had effectively nullified the commencement of the trial by his order dismissing the jury panel. If, upon a subsequent occasion, the Justice had set the case down for trial and had ordered the selection of a new jury, this would have been the commencement of a trial *de novo*. The situation in this case was the same as if the Justice had declared a mistrial and the case had remained undisposed of.

We therefore believe that, under the peculiar circumstances of this case, we need not decide whether the selection of the jury constituted the commencement of a trial within the meaning of section 59. There is authority for the view that the trial does not commence for the purpose of section 59 until the opening of the case to the jury (*People* v. *Rice Associates,* 185 Misc. 473, appeal dismissed 269 App. Div. 963). This is in accord with the cases defining the word " trial " in other contexts. (*People* v. *Raco,* 47 N. Y. S. 2d 448; *People* v. *Jackson,* 191 Misc. 457; *Matter of Zuckerman,* 13 Misc 2d 93.) As the Court of Appeals observed in *People ex rel. Steckler* v. *Warden* (259 N. Y. 430, 432): " In the summary of contents of the Code of Criminal Procedure (§§ 388–454) ' trial ' covers only so much of a criminal prosecution as begins with the opening of the case to the jury and ends with the verdict; the actual trial of the defendant by the jury. It does not include the information, arrest, examination, indictment, arraignment, plea, formation of the trial jury or sentence." The rule in cases in which the issue of double jeopardy is raised is that jeopardy attaches when evidence is first received (*People ex rel. Meyer* v. *Warden,* 269 N. Y. 426, 428; *People* v. *Pearl,* 272 App. Div. 563, 565). On the other hand, for the purpose of the rule requiring that the defendant be present at every stage of a felony trial, it has been held that the formation of the jury is a part of the trial (cf. *People* v. *O'Keefe,* 281 App. Div. 409, affd. 306 N. Y. 619, cert. denied 347 U. S. 989). Section 344 of the Code of Criminal Procedure provides for the removal of a criminal action prosecuted by

indictment, for good cause shown, from the County Court to the Supreme Court " at any time before trial ". It has been held, in *People* v. *Pugach* (28 Misc 2d 926, 927) that " For the purposes of this application, a trial begins when the jury is called into the box for examination as to qualifications, and the calling of a jury is unquestionably part of the trial ". It is thus seen that the term " commencement of the trial " has different meanings in different contexts. " The meaning of the word ' trial ' as a law term depends on the connection in which it is used ". (*People ex rel. Steckler* v. *Warden*, 259 N. Y. 430, 432, *supra*.)

We see no reason for holding that the Grand Jury is barred from presenting an indictment until the point is reached in the course of the Special Sessions proceedings at which jeopardy attaches but, as we have indicated, there is no need for us to reach a final conclusion on that point in this case. Rightly or wrongly, the Special Sessions Court terminated the trial, if one is deemed to have been commenced, and therefore the Grand Jury was free to find an indictment at any time before a new trial was commenced in the Court of Special Sessions.

The order appealed from should therefore be reversed, the demurrer disallowed and the indictment reinstated.

BASTOW, J. P., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ., concur.

Order unanimously reversed, demurrer disallowed, and indictment reinstated.