■ OLD CAPITOL EQUIPMENT, INC., Respondent, v. WILLIAM PUSHMAN et al., Individually and Doing Business as Temple Hill Garage, Appellants.— MEMORANDUM BY THE COURT. We agree with Special Term that defendants' claim that plaintiff is not the real party in interest raises no triable issue and that the defense pleaded is insufficient to defeat the motion for summary judgment. Judgment and order affirmed, with costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.

■ In the Matter of JOHN HEIB et al., Petitioners, v. BENJAMIN NEWBERG, as County Judge of Sullivan County, et al., Respondents.— GIBSON, P. J. Proceeding in the nature of prohibition, under article 78 of the CPLR, to restrain the prosecution of an indictment charging petitioners with violating subdivision 1 of section 65 of the Alcoholic Beverage Control Law, prohibiting sales of alcoholic beverages to minors actually or apparently under the age of 18 years; petitioners contending, *inter alia,* that such prosecution would subject them to double jeopardy. Petitioners and three codefendants named in the indictment moved in the County Court to dismiss the indictment and an appeal by two of those codefendants from that court's determination is decided herewith. (See *People* v. *Danchak,* 24 A D 2d 685.) Prosecution of the alleged violation was instituted in a Court of Special Sessions where selection of a jury was commenced but not completed; and after five of the requisite six jurors had been selected, adjournment was taken to a future date, at which time a motion by the District Attorney to adjourn the proceeding for the purpose of presenting the charge to a Grand Jury was granted. (Code Crim. Pro., § 59.) The presentation of testimony before the Grand Jury had commenced the previous day and an indictment was returned a week later. We find no merit in the contention that the petitioners would be subjected to double jeopardy by a trial of the indictment. The proceedings in Special Sessions had not progressed even to the point of completing the selection of a jury; consequently, the defendants were not "in danger of having a valid judgment pronounced as the result of the trial" and hence were not placed in jeopardy (*People ex rel. Meyer* v. *Warden,* 269 N. Y. 426, 429). This case stated the rule "that if the court has jurisdiction and all prior proceedings are valid, a prisoner is placed in jeopardy when he has been arraigned and pleaded to a valid charge, a jury has been examined and sworn, and evidence given" (p. 428). The rule thus enunciated was quite recently reaffirmed in *Matter of Nolan* v. *Court of Gen. Sessions* (11 N Y 2d 114, 119). (See, also, *People* v. *Di Marco,* 19 A D 2d 150.) Neither do we find any basis for petitioners' contention that their rights were violated by presentation of evidence to the Grand Jury prior to the last adjournment of the case in Special Sessions; the only time requirement being that the indictment be presented "before the commencement of the trial" in Special Sessions (Code Crim. Pro., §§ 59, 245, 252; *People ex rel. Hirschberg* v. *Close,* 1 N Y 2d 258, 261; *People* v. *Rice Assoc.,* 185 Misc. 473, app. dsmd. 269 App. Div. 963); and, as was indicated in our discussion of the claim of double jeopardy, the trial had not commenced. Respondents are entitled to judgment dismissing the proceeding, on the merits, without costs. Reynolds, Taylor, Aulisi and Hamm, JJ., concur.