Daniel G. Albert, J.
This is a motion by defendant for an order “ transferring for a hearing to the Supreme Court, Nassau County, and if need be for trial” an indictment charging him with various crimes, proceedings incident to which are presently pending in the County Court of Nassau County.
The indictment was reached for trial in the County Court in January, 1965. During the selection of the jury the defendant moved to withdraw his previous plea of not guilty and to enter a plea of guilty to certain lesser crimes in satisfaction of the several counts of the indictment. After the usual interrogation by the court concerning whether the offer so to plead had been *358 induced by any promises regarding sentence, and after defendant had answered that no promise had been made, the plea of guilty was accepted. However, on December 10,1965, defendant appeared for sentencing and moved to withdraw his plea of guilty on the ground, among others, that he had been coerced into pleading guilty by threats of the District Attorney. After the motion to withdraw the plea was denied and sentence imposed, defendant’s counsel stated, “as a further ground for withdrawing the plea ”, that the sentence imposed by the court was not within the terms of an “ understanding ” allegedly made with the court and the prosecutor at the time the plea was given. After denying that any sentence commitment had been made, the court again denied the motion to withdraw the plea.
On appeal, the judgment of conviction was affirmed by the Appellate Division (26 A D 2d 772) but reversed by the Court of Appeals (18 N Y 2d 823) which remitted the case to the County Court for a hearing. In its memorandum decision, the majority of the court stated that: “It was erroneous as a matter of law when, upon the defendant’s application to withdraw his guilty plea prior to sentence, the Trial Judge failed to inquire into the truth of the allegations that the defendant had been induced into pleading guilty by the threat of a heavier sentence and by a misunderstanding as to a promise of leniency.”
The foregoing detailed summary of the prior proceedings in this action is necessary to an understanding of the disposition to be made of the instant motion.
Defendant’s attorney contends that removal to this court is dictated herein because of the likelihood that the Trial Judge and prominent law-enforcement officials will be called as witnesses at the hearing ordered by the Court of Appeals, and because the case “has been marked by an unusual degree of publicity.” He predicates the motion on section 344 of the Code of Criminal Procedure, which provides:
“A criminal action, prosecuted by indictment, may, at any time before trial, on the application of the defendant or the district attorney, be removed from the court in which it is pending, as provided in this chapter, in the following cases:
‘ ‘ 1. From a county court to a term of the supreme court held in the same county, for good cause shown
The statute expressly authorizes removal only “ before trial ” and it has been held that removal from the County Court to Supreme Court after commencement of the examination of jurors is an abuse of discretion (People v. Pugach, 28 Misc 2d 926; cf. Code Crim. Pro., § 353). It cannot be said that the present status of the indictment against this defendant is akin *359 to that of an indictment “ before trial ” within the meaning of the statute. In the simplest terms, the defendant has a motion pending in the trial court to withdraw his plea of guilty; a motion peculiarly addressed to the discretion of that court (Code Crim. Pro., § 337). The Court of Appeals has directed that court to conduct a hearing prior to determining the defendant’s motion.
Considering the terms of the Court of Appeals’ remittitur and the present posture of the criminal action pending against this defendant, this court is of the view that it lacks power to order the removal of that hearing from the trial court to itself under section 344 of the Code of Criminal Procedure or under any other provision of law.
Accordingly, this motion is denied, and a short-form order in accordance with the foregoing has been signed herewith.