THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* WILLIE LESTER, Respondent.

Second Department, March 22, 1944.

538

*Thomas Cradock Hughes, Acting District Attorney (Edward H. Levine* with him on the brief), for appellant.

*William Leibowitz* for respondent.

*Per Curiam.* Appeal from an order sustaining a demurrer to an indictment on the ground that it was signed by the Acting District Attorney on the face thereof and not by the duly elected District Attorney. This order, in effect, is *pro forma* because the court felt impelled to follow the opinion of a co-ordinate judge in *People* v. *Jackson* (N. Y. L. J., p. 1049, March 16, 1944).

An indictment " must be signed by the foreman of the grand jury " (Code Crim. Pro. § 268). The section providing for the signing by the District Attorney is directory and involves a clerical act. (Code Crim. Pro. § 276.) An indictment may be found and presented, when properly indorsed by the foreman of the Grand Jury, without the signature or indorsement of a District Attorney, even in disregard of his advice. This empha-

sizes the clerical nature of the District Attorney's function in signing the indictment.

On February 25, 1943, the New York State War Emergency Act (L. 1942, ch. 445) was amended by chapter 26 of the Laws of 1943. The amendment authorizes various public officers, both elected and appointed, to take military leaves. The provision specifically applicable to District Attorneys is section 105-e. The provision of section 105-e that, where a duly elected district attorney has entered upon military duty, the powers and duties of the office of district attorney shall devolve upon his first assistant, duplicates to a great extent, the provision of section 202 of the County Law, enabling an assistant district attorney to " discharge any duties imposed by law upon, or required of the district attorney  *  *  *." Section 105-e does not create any vacancy in the office of District Attorney. It expressly states " his office shall not be deemed vacant." He is deemed " to be on a temporary leave of absence." Absence from the State or the country would make it impossible for him to sign indictments. Therefore this statute provides the machinery for carrying on his duties, during such temporary absence, through the medium of an " acting district attorney."

This statutory provision in its entirety is unquestionably constitutional.

The order should be reversed on the law, the demurrer disallowed and the indictment reinstated.

CLOSE, P. J., HAGARTY, CARSWELL, JOHNSTON and LEWIS, JJ., concur.

Order reversed on the law, demurrer disallowed and the indictment reinstated.