Raymond E. Aldrich, Jr., J.
Defendant moves pursuant to CPL 210.20 for an order dismissing his indictment as defective upon the ground that there does not appear at any place on the face of the indictment the signature of the acting foreman of the Grand Jury or of the District Attorney as required by subdivisions 8 and 9 of CPL 200.50, and he attaches to his motion papers a two-page photocopy of the alleged Indictment No. 23/73, dated March 13,1973.
An Assistant District Attorney opposes the motion by alleging “ It is respectfully suggested that the movant consult the original indictment.”
The copy of the indictment defendant’s attorney attached to his affidavit supports his contention, for the exhibit obviously *2 makes no reference whatsoever to the acting foreman, nor does it contain the signature of. the District Attorney, although his name is typewritten at the end of the third and final count.
This motion, however, cannot he decided upon the papers, hut rather reference must be made to the original accusatory instrument itself, namely, Indictment No. 23/73.
The records of the Dutchess County Clerk’s office contain in file No. 26/1973, entitled indictments, the indictment of Walter D. Miller by Indictment No. 23/73, dated March 13,1973, for the identically same three crimes alleged in the moving affidavit, and unquestionably this is the instrument defendant moves against as deficient.
An analysis of this indictment so filed in the Clerk’s office indicates that the instrument consists of two white pages, 13 inches by 8% inches, upon which the offenses describing the three alleged crimes are recorded in typewritten form (CPL 200.50, subds. 3, 4, 5, 6, 7), with the District Attorney’s signature in ink subscribed at the end of the second page (CPL 200.50, subd. 9). Both of these pages are encased in a white cover, 13% inches by 8% inches, upon the face of which is typewritten the name of the superior court in which it is filed and the title of the action (CPL 200.50, subds. 1, 2), and at the end of which is signed in ink the signature of one Sherman L. Prosser, characterized as the foreman (CPL 200.50, subd. 8), although from the papers submitted on the motion it would seem he may have been the acting foreman, which however is of no jurisdictional consequence, since there is no contention that he did not hold either one of such positions.
Under section 276 of the former Code of Criminal Procedure, the requirement that the District Attorney sign the indictment was directory only, involving a clerical act (People v. Lester, 267 App. Div. 537; People v. Foster, 60 Misc. 3), since the statute then read that the indictment ‘1 shall be signed by the district attorney ”.
With the advent of the Criminal Procedure Law, this heretofore indicated legislative belief that the District Attorney should sign the indictment became a statutory mandate to the effect that he “ must ” affix his signature (CPL 200.50, subd. 9). The foreman or acting foreman has always been required to sign the indictment (Code Crim. Pro., § 268; People v. Lester, supra; People v. Foster, supra), and now the District Attorney must do so likewise.
As to this Indictment No. 23/73, the court holds that the entire instrument, consisting of two white pages containing the charges *3 and subscribed by the District Attorney and the cover with the name of the court and the title of the proceeding subscribed by the foreman or acting foreman, as the case may be, must be read together as integral parts of the whole, rather than having them dissected by fallacious reasoning suggesting the two white pages outlining the charges are separate and disassociated in context from the subject matter of the cover. Such a latter interpretation would be illogical.
Since the foreman or acting foreman, as the case may he, and the District Attorney, have affixed their respective signatures to the indictment, which consists of the two white pages and the cover, the statutory mandates have been met, and thus the motion is denied.
While not germane to the grounds of this motion, the court notes that upon an arraignment a defendant must be furnished with a copy of the indictment (CPL 210.15, subd. 1), and this would mean a true copy of the whole accusatory instrument including the conformed signatures.