THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ROBERT PATRICK JOYCE, Appellant.

Second Department, April 9, 1984

APPEARANCES OF COUNSEL

*Judd Burstein* (*Gerald L. Shargel* of counsel), for appellant.

*Patrick Henry, District Attorney* (*Steven A. Hovani* of counsel), for respondent.

OPINION OF THE COURT

MOLLEN, P. J.

On this appeal, we are called upon to determine whether a conviction of conspiracy in the fourth degree can be sustained in the absence of proof that, as part of a conspiracy to burglarize a bank, the defendant agreed with his coconspirators that, if necessary, what would appear to be a firearm was to be displayed during the burglary. We hold that, in the absence of such proof, the conviction cannot stand.

By Suffolk County indictment number 1764/82, Robert Patrick Joyce, the defendant, was accused of committing the crime of conspiracy in the fourth degree. The indictment charged that "from on or about and during the month of August, 1981, to on or about and during the month of October 1981, with intent to steal property from the Republic National Bank, by means of conduct constituting the crimes of Burglary in the Second Degree and Robbery in the First Degree" the defendant agreed with a named codefendant, one Louis Calo, and with others, to engage in such conduct. In the answer to a request for a bill of particulars, the People stated that the subdivisions of the statutes setting forth the crimes of burglary in the second degree and robbery in the first degree which would have been violated as a result of the alleged conspiracy were, respectively, section 140.25 (subd 1, par [d]) and subdivision 4 of section 160.15 of the Penal Law.

Defendant was tried separately from his codefendant. After the taking of testimony, the court concluded that whatever agreements may have been made concerning the commission of a robbery, they had been abandoned prior to the defendant's entry into the conspiracy. The case was therefore submitted to the jury on the theory that the defendant conspired with Calo, and others, to commit a class C felony, viz., burglary in the second degree as defined in section 140.25 (subd 1, par [d]) of the Penal Law and that to this end certain overt acts were committed. As an alternative, the court instructed the jury that they could consider the crime of conspiracy in the fifth degree, as a lesser included offense, if they found that the conspiracy did not encompass burglary in the second degree but, rather, burglary in the third degree. Specifically the court charged that if the People failed to prove beyond a reasonable doubt that the conspiracy encompassed the possible "use of a weapon * * * [t]hen you don't have Burglary in the Second Degree; you have Burglary in the Third Degree * * * Now if you have Burglary in the Third Degree, that's not a Class C Felony. That's a Class D Felony and, therefore, the defendant cannot be guilty of Conspiracy in the Fourth Degree. But he can be guilty of Conspiracy in the Fifth Degree". Defendant was found guilty of conspiracy in the fourth degree.

On appeal, the defendant contends, *inter alia,* that assuming a conspiracy existed to commit burglary in the second degree, as defined in section 140.25 (subd 1, par [d]) of the Penal Law, there was no evidence that, when he allegedly joined the conspiracy approximately one month after its inception, he agreed to the plan to display what would appear to be a firearm during the burglary of the Republic National Bank or that he was even aware of that plan. The defendant contends that, at most, the People proved him guilty of the crime of conspiracy in the fifth degree.

The People, in essence, argue that to sustain the defendant's conviction it is sufficient to establish that the conspiracy encompassed the plan "to display a weapon", and that the defendant conspired with his coconspirators to burglarize the bank. The People further argue that they are under no legal obligation to demonstrate the defendant's acquiescence in or awareness of that part of the conspiracy which called for the display of what would appear to be a firearm. The People in effect concede the absence of proof that the defendant's conspiratorial agreement included such a display.

In *People v Schwimmer* (66 AD2d 91, 94-95, affd 47 NY2d 1004) we stated that:

"Central to the crime of conspiracy is the agreement to commit some other, substantive crime. More fundamentally, the basis of conspiratorial liability is not to punish the agreement per se, but rather, like other inchoate crimes, to punish the firm purpose to commit a substantive crime, while hopefully preventing the actual commission thereof. Although constituted by agreement, the crime of conspiracy is directed at the intended result of the agreement * * *

"The most pervasive aspect of conspiracy is its status as an inchoate crime. Like attempt and solicitation, conspiracy is directed at conduct which is preparatory to the commission of a substantive offense. However, liability for conspiracy attaches at a much earlier stage than does liability for attempt or solicitation. Consequently, particular caution is required in establishing liability for conspiracy.

"An essential element of every conviction for conspiracy in New York, regardless of degree, is that a person with intent to commit a substantive crime, agrees with another to commit such crime (see Penal Law, art 105). In the context of the early stage of attaching criminal liability, the element of agreement is required to identify the manifestation of the firm criminal purpose to commit a substantive crime. Thus, the 'act' of agreeing is concrete and unambiguous as an expression of each actor's intent to violate the law. Like other inchoate crimes, the *raison d'etre* of conspiracy is the underlying substantive crime. Thus, the agreement itself must be to 'engage in or cause the performance' of a substantive crime. Furthermore, the statutory grading system makes the degree of conspiratorial liability contingent upon the grade of the substantive crime sought to be committed. From this perspective, the *mens rea* of conspiracy is to agree with one or more persons to perform a substantive criminal act. The fact of agreement serves only to unequivocally establish a particular actor's intent to commit the object crime by acting with others".

In New York, the Legislature has set forth six degrees of conspiracy (see Penal Law, §§ 105.00, 105.05, 105.10, 105.13, 105.15, 105.17). A distinguishing factor among them is the grade of the substantive crime intended to be committed (see Penal Law, §§ 105.00, 105.05, subd 1; § 105.10, subd 1; § 105.15). By way of contrast, the general Federal conspiracy statute contains no such distinction (see US Code, tit 18, § 371; *United States v Feola,* 420 US 671).

Section 105.10 of the Penal Law in relevant part provides:

"A person is guilty of conspiracy in the fourth degree when, with intent that conduct constituting:

"1. a class B or class C felony be performed, he agrees with one or more persons to engage in or cause the performance of such conduct".

Section 140.25 of the Penal Law in relevant part provides:

"A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when:

"1. In effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime * * *

"(d) Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm * * *

"Burglary in the second degree is a class C felony".

Mindful of the concerns expressed in *People v Schwimmer* (*supra*) we conclude that in order to sustain the defendant's conviction of conspiracy in the fourth degree, the plain language of subdivision 1 of section 105.10 of the Penal Law required the People to prove beyond a reasonable doubt that he agreed to the display of what would appear to be a firearm. In the absence of such proof, the defendant's conviction of conspiracy in the fourth degree cannot stand (cf. *People v Rosenthal,* 91 Misc 2d 750, 754-755). Not only was there no proof that the defendant agreed to the display, but there was no proof that he was even aware that his coconspirators planned to possess what would appear to be firearms in the course of the burglary. It is not sufficient to state, as do the People, that one who joins a conspiracy after its inception, knowing of its central criminal design, may be held accountable for the actions and declarations of his coconspirators which occurred before his entry into the conspiracy (see *Lile v United States,* 264 F2d 278; *Esco Corp. v United States,* 340 F2d 1000; *United States v Burchinal,* 657 F2d 985). Though this statement may be appropriate in cases involving a general conspiracy statute (see Penal Law, §§ 105.00, 105.05), it has no application to cases where, as here, the statute plainly requires the *specific* intent that conduct constituting a class C felony be performed, and an agreement between the accused and at least one other person to engage in or cause the performance of that conduct.[*] However, the evidence was sufficient to establish the defendant's guilt of conspiracy in the fifth degree (see Penal Law, § 105.05), and the judgment should be modified accordingly.

---

[*] We note that had the substantive crime been committed, the defendant's awareness that what appeared to be a firearm would be displayed by an accomplice would not have been a prerequisite to conviction pursuant to section 140.25 (subd 1, par [d]) of the Penal Law (cf. *People v Gomez,* 87 AD2d 829).

We have reviewed the defendant's remaining contentions and find them to be without merit.

Therefore, the judgment should be modified, on the law, by reducing the conviction of conspiracy in the fourth degree to one of conspiracy in the fifth degree (see CPL 470.15, subd 2, par [a]). As so modified, the judgment should be affirmed, and the matter remitted to the Supreme Court, Suffolk County, for resentencing and for further proceedings pursuant to CPL 460.50 (subd 5).

WEINSTEIN, BROWN and BOYERS, JJ., concur.

Judgment of the Supreme Court, Suffolk County, rendered December 29, 1982, modified, on the law, by reducing the conviction of conspiracy in the fourth degree to one of conspiracy in the fifth degree, and vacating the sentence imposed. As so modified, judgment affirmed, and matter remitted to the Supreme Court, Suffolk County, for resentencing and for further proceedings pursuant to CPL 460.50 (subd 5).