OPINION OF THE COURT
Antonio I. Brandveen, J.
The defendant was indicted on or about October 15, 1987 for numerous counts including rape, sodomy, kidnapping, sexual abuse, robbery, unlawful imprisonment, and assault. Defense counsel now moves to dismiss the. indictment for failure of the District Attorney to affix his signature as mandated by CPL 200.50 (9). This section states, in pertinent part: "An indictment must contain * * * [t]he signature of the district attorney”. The names, "Mario Merola, District Attorney” and "Paul Gentile, Acting District Attorney” are typewritten on the cover page of the indictment, as well as on the last page *263 following the last count. This has apparently been the practice of the Bronx District Attorney’s office for a number of years.
The contention of the defense, however, is a typewritten name does not satisfy the signature requirement of the statute, and such name must be handwritten.
Before 1970, the requirement of the District Attorney under former Code of Criminal Procedure § 276, to sign the indictment, was directory involving only a clerical act. The wording of the statute then stated the indictment "shall be signed by the district attorney”. (See, People v Lester, 267 App Div 537; People v Foster, 60 Misc 3.) However, with the advent of the Criminal Procedure Law, the language of the statute changed requiring that the District Attorney must affix his "signature” to the indictment.
Defense counsel’s reliance on the case of People v Miller (75 Misc 2d 1) is misplaced. In People v Miller (supra), the defendant moved for dismissal of the indictment, as defective on the ground the signature of the District Attorney did not appear on the face of the indictment, but was instead typewritten at the end of the last page. The court denied the motion stating the typewritten name of the District Attorney at the end of the document was sufficient to satisfy the signature requirement and need not be on the cover page of the indictment.
Moreover, in People v Rupp (75 Misc 2d 683, 686), the court held "[t]he signature of the District Attorney is no part of the indictment itself * * * [t]he signature is simply evidence that the District Attorney is prosecuting an offense in compliance with his statutory duty”. The court continued to hold the signature of the District Attorney was not mandatory but merely directory, involving a "clerical act”, even though this decision followed the change in the statutory language brought about by the advent of the Criminal Procedure Law. (Supra, at 686.)
Lastly, General Construction Law, article 2 (entitled "Meaning of Terms”), § 46 defines a "signature” as including "any memorandum, mark or sign, written, printed, stamped, photographed, engraved or otherwise placed upon any instrument or writing with intent to execute or authenticate such instrument or writing.” (Emphasis added.)
Clearly, the typewritten names of the District Attorney and the Acting District Attorney on the within indictment evi *264 dences the intent of that office to authenticate this accusatory instrument. (See, People v Lo Pinto, 27 AD2d 63.)
Accordingly, it is the decision of this court the typewritten signature of the District Attorney is sufficient to satisfy the "signature” requirement set forth in CPL 200.50 (9). Thus, the defendant’s motion is denied in all respects.