OPINION OF THE COURT
Paula J. Hepner, J.
The petition in this matter was filed on January 2, 1992. *928 Respondent appeared, was assigned counsel and was arraigned on the charges. On February 26 and March 9, 1992, the court conducted a hearing pursuant to section 332.1 (7) of the Family Court Act and determined that a statement made by the respondent would not be suppressed pursuant to People v Huntley (15 NY2d 72 [1965]). Trial was commenced on March 18, 1992. During the course of the trial, the court noticed that the petition was neither signed nor verified and brought this fact to the attention of the parties. Thereafter, both counsel were permitted oral argument and afforded an opportunity to submit memoranda addressed to the legal significance of these omissions. The presentment agency submitted a memorandum of law; the Law Guardian did not.
The petition filed in the instant matter contains two lines: the top line for the signature of the authorized presentment agency, which is required by Family Court Act § 311.1 (3) (k); and the bottom line for the signature of the person who verifies the petition, which is required by Family Court Act § 311.1 (4). No signature appears on either line. The petition contains a preprinted jurat which bears the signature of Ellen R. Greenberg and the impression of a notary stamp showing Ellen R. Greenberg’s name, commission number and expiration date. The typewritten name of Ellen R. Greenberg appears to the right of the notary’s signature, though not directly on or under either of the two signature lines provided on the petition.
Relying on Family Court Act §311.5, counsel for the presentment agency argues that the failure of the presentment agency to sign the petition is a "clerical act” and thus a minor error or defect in form[1] which can be cured with an amendment. (People v Sanchez, 144 Misc 2d 262 [Sup Ct 1989]; People v Rupp, 75 Misc 2d 683 [Sup Ct 1973].) The attorney for the presentment agency also argues that the petition is not unverified, but rather, irregularly verified in that it is verified with a typewritten signature which is adequate to meet the requirements of the Family Court Act.[2] (People v Miller, 75 Misc *929 2d 1 [Dutchess County Ct 1973].) Were the court to find that the petition is unverified, however, counsel argues that verification of a delinquency petition is governed by the Civil Practice Law and Rules and according to the CPLR, the petition may only be treated as a nullity, when defectively verified, if the respondent gives notice thereof. (State of New York v McMahon, 78 Misc 2d 388 [Sup Ct 1974].) Because the respondent did not notify the presentment agency with due diligence, and because the respondent has not been prejudiced by the failure to verify the petition, the presentment agency contends the respondent has waived any right to object to the validity of the verification. (Williams v State of New York, 77 Misc 2d 396 [Ct Cl 1974].)
Respondent argues that the petition is not verified because the typographical signature is the same name as the person who notarized the document, that a party cannot notarize his/ her own signature and that an attorney cannot utilize an affirmation for the purpose of verifying a pleading. (Matter of Flaton v Caso, 86 Misc 2d 695 [Sup Ct 1976].) Respondent asks the court to dismiss the petition because the failure to sign and verify the petition constitutes a jurisdictional defect, which can never be waived.
LEGAL ANALYSIS
A proceeding to adjudicate a person a juvenile delinquent under Family Court Act § 310.1 (1) is originated by the filing of a petition. Only a presentment agency is authorized to commence a delinquency proceeding under Family Court Act § 310.1 (2). Family Court Act § 311.1 (3) specifies a variety of items that each petition "must contain” including "(k) the signature of the appropriate presentment attorney.” Requiring the petition to be signed by the presentment agency is a procedural safeguard to assure the respondent that s/he is being prosecuted by a proper authority in whom such power is vested. "[D]efects, errors [and] variances from the proof relating to matters of form, time, place, names of persons and the like,” may be corrected by an amendment to the petition when the respondent is not prejudiced "on the merits.” (Family Ct Act § 311.5 [1].)
Under Family Court Act § 311.1 (4), a petition alleging acts of juvenile delinquency "shall be verified in accordance with the civil practice law and rules”. Requiring a verification is "an essential guarantee to a defendant of a fundamental *930 right, namely, that he be not punished for a crime without a formal and sufficient accusation”. (People v Scott, 3 NY2d 148, 153 [1957].) The mechanics for verifying a pleading are set forth in CPLR 3020 and 3021. CPLR 3022 provides a remedy for defective verification wherein a party is entitled to treat an unverified pleading "as a nullity, provided he gives notice with due diligence” to the opponent. Failure to give timely notice results in a waiver of this option. (State of New York v McMahon, supra.)
It is well established that criminal statutes are to be strictly construed and, under New York’s Criminal Procedure Law, the failure to properly verify an accusatory instrument is a jurisdictionally fatal defect. (People ex rel. Siegal v Dros, 11 NY2d 167 [1962]; People v Hamm, 9 NY2d 5 [1961]; People v Scott, supra.) Had this accusatory instrument been filed against an adult defendant, there is no question that the failure to sign and verify the petition would require dismissal. However, under Family Court Act § 303.1 (1), the provisions of the Criminal Procedure Law shall not apply to juvenile delinquency proceedings "unless the applicability of such provisions are specifically prescribed” by the Family Court Act. By the language of these statutes, the Criminal Procedure Law has not been made applicable to the procedures for the content or verification of a juvenile delinquency petition, and were this court to incorporate the case law thereunder to "assist the court in interpreting” these sections (Family Ct Act § 303.1 [2]), it would amount to nothing other than " 'an impermissible judicial rewriting of the statute.’ ” (Matter of Detrece H., 78 NY2d 107, 111 [1991].) This is so because of the "very different language, history and purposes of the two statutes” (Matter of Frank C., 70 NY2d 408, 412 [1987]), and because "juvenile delinquency proceedings are civil in nature”. (Matter of Randy K., 77 NY2d 398, 402 [1991].)
Turning then to the issues presented, this court finds that the failure of a presentment attorney to sign the petition is a defect "relating to matters of form”. (Family Ct Act § 311.5 [1].) Following the holding of Matter of Detrece H. (supra, at 111), "the presentment agency’s recourse for minor errors in the petition is an amendment pursuant to Family Court Act § 311.5 (1)”. Given the importance attached to the signature requirement discussed above, it could be said that this omission is not a "minor error.” However, Family Court Act § 311.5 (2) enumerates the major defects to which the Court of Appeals referred in Matter of Detrece H. (supra), and these *931 may not be "cured” by amendment. Since the failure to sign a petition is not included in the list of prohibited amendments, quite obviously the Legislature did not view as fatal the failure to do so. If the presentment agency files a signed petition at this late date, there would be little or no prejudice to the respondent in allowing this amendment because it neither changes the factual allegations of the petition nor the conduct which is the subject of the petition.
While the Legislature may not have intended to incorporate into juvenile delinquency proceedings all of the rules in the CPLR pertaining to verification, it has not specifically exempted any of them. Therefore, the court finds that the remedy for defective verification is not dismissal of the petition. Under CPLR 3022, the respondent was obligated to use due diligence if she wanted to treat the unverified petition as a nullity. Clearly the respondent is, in the language of the rule, an "adverse party * * * entitled to a verified pleading”. On the facts of this case, the respondent has waived her right to treat the petition as a nullity because she failed to give notice of her intent to do so with due diligence.
Accordingly the presentment agency’s application to file an amended petition bearing a signature on the top line is granted, and the respondent’s motion to dismiss the petition on the grounds that it is jurisdictionally defective and therefore a nullity is denied.
Quite clearly, the Legislature’s application of "civil” procedures to "quasi-criminal” proceedings results in a denial of due process which may be of constitutional magnitude because it allows a juvenile respondent to be prosecuted upon an accusatory instrument which could not form the basis of a prosecution for an adult. However, the constitutional question is not before this court and is not a question which must be reached by this court in order to decide the issues before it.

. Neither case is analogous to the situation herein. In Sanchez (supra), the indictment bore the typewritten names of "Mario Merola, District Attorney and Paul Gentile, Acting District Attorney.” In Rupp (supra), the case involved a District Attorney’s signature on an indictment, not on an accusatory instrument. In the instant case, the words "Corporation Counsel” are typed on the petition but no name appears on the line, "By:--”

. This court does not consider Ellen R. Greenberg’s typewritten name, which appears under the bottom line, to be a signature.