■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL CHEATHEM, Respondent. [658 NYS2d 84] —Appeal by the People from an order of the Supreme Court, Kings County (Lipp, J.), dated June 27, 1996, which granted the defendant's motion to dismiss the indictment on the ground that the evidence before the Grand Jury was legally insufficient.

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

The People presented evidence to the Grand Jury that in December 1995 the defendant offered to pay an undercover police officer $5,000 to make his sister-in-law "disappear" and $300 to burn her van. The officer informed the defendant that he needed half the payment in advance. The following February the defendant told the undercover officer that he had been unable as yet to obtain the money but he was ready to put his plan together and needed time to sell some gems. The defendant also told the undercover officer to "take care of" his sister-in-law's boyfriend, too, because he did not want anyone seeking retribution. The defendant stated he would contact the undercover officer after he had obtained the money and worked

out a plan. The defendant was arrested later that month, without making any further contacts with the undercover officer. He was indicted on charges of criminal solicitation in the second degree (two counts) (Penal Law § 100.10) and criminal solicitation in the fourth degree (Penal Law § 100.05).

A person is guilty of criminal solicitation in the fourth degree when, "with intent that another person engage in conduct constituting a felony, he solicits, requests, commands, importunes, or otherwise attempts to cause such other person to engage in such conduct" (Penal Law § 100.05 [1]). A person is guilty of criminal solicitation in the second degree when, "with intent that another person engage in conduct constituting a class A felony, he solicits, requests, commands, importunes, or otherwise attempts to cause such other person to engage in such conduct" (Penal Law § 100.10). Thus, as applied to the instant case, an essential element of both criminal solicitation in the second degree and criminal solicitation in the fourth degree is proof that the defendant acted with the intent that the officer commit the underlying crimes. The Supreme Court dismissed the indictment, concluding that the People failed to submit sufficient proof that the defendant intended that the officer commit the underlying crimes, because the defendant never made the agreed-upon advance payment. We disagree.

In making a determination as to the legal sufficiency of an indictment, the inquiry is "whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury" *(People v Jennings,* 69 NY2d 103, 114; *see also, People v Jensen,* 86 NY2d 248, 251-252; CPL 190.65 [1]; 70.10). The crime of solicitation is complete when the communication is made with the intent that the other person engage in the unlawful conduct. It is not necessary for the People to prove that any overt steps were taken to effectuate the underlying crimes *(see, People v Lubow,* 29 NY2d 58, 62). Since the Grand Jury could rationally infer from the defendant's conversations with the officer that he intended that the officer commit the underlying crimes, the indictment should not have been dismissed *(see, e.g., People v Bongarzone,* 116 AD2d 164, *affd* 69 NY2d 892). Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.