*991
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 In January 1991, after some discussion and planning, defendant, Jose Sorrentini and Chris Claudio — the driver, the lookout and the shooter, respectively — lured Guy Maresca to a deserted area in the Bronx by ordering pizza from his place of employment. When Maresca drove to the appointed address to make his delivery, Claudio ran toward him and fired a single shot. He missed. Claudio made a second attempt to shoot Maresca, but the gun jammed and Maresca sped away. Based on information provided by Sorrentini, a police informant, all three men were arrested and charged. After trial, defendant was convicted of conspiracy in the second degree, attempted murder in the second degree and criminal possession of a weapon in the second degree. He was sentenced to consecutive, indeterminate prison terms of SVs to 25 years and 5 to 15 years, respectively, on the attempted murder and conspiracy counts and to a concurrent term of 5 to 15 years on the weapons possession count.
 

 On appeal, defendant asserts that the court was without authority to impose consecutive sentences for conspiracy and attempted murder. We disagree.
 

 Concurrent sentences are required only “for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other” (Penal Law § 70.25 [2]). Thus, consecutive sentences may not be imposed “(1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other”
 
 (People v Laureano,
 
 87 NY2d 640, 643;
 
 see also, People v Day,
 
 73 NY2d 208, 210-211).
 

 To establish the defendant’s guilt of conspiracy in the second degree, the People were required to prove that, with the intent that a class A felony be committed, the defendant agreed with others to engage in or cause the felony to be committed (Penal Law § 105.15) and that one of the conspirators committed an overt act in furtherance of the criminal scheme (Penal Law § 105.20). On the other hand, an attempt to commit murder in the second degree required proof that, with the intent to commit the crime of murder in the second degree, the defendant engaged in conduct which tended to effect the commission of that crime (Penal Law §§ 110.00, 125.25 [1]).
 

 
 *992
 
 While there might be a statutory overlap in the definition of these crimes, in this case the People established the commission of separate and distinct acts supporting the imposition of consecutive sentences
 
 (see, People v Salcedo,
 
 92 NY2d 1019, 1021). When defendant, Claudio and Sorrentini met on the evening of January 8, 1991, armed and prepared to seek out Maresca, the crime of conspiracy was complete. The conspiracy statute does not specify any particular conduct to satisfy the requirement that there be an overt act in furtherance of the conspiracy. Indeed, we have previously stated that “the function of the overt act in a conspiracy prosecution is ‘simply to manifest “that the conspiracy is at work” * * *.’ The overt act must be an independent act that tends to carry out the conspiracy, but need not necessarily be the object of the crime”
 
 (People v Ribowsky, 77
 
 NY2d 284, 293;
 
 see also, People v McGee,
 
 49 NY2d 48, 56-58). Approximately one hour after they met, the conspirators saw Maresca, shot at him, missed and attempted to shoot again. These separate and distinct acts constituted the crime of attempted murder in the second degree
 
 (see, People v Yong Yun Lee,
 
 92 NY2d 987, 989).
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Ciparick, Wesley and Rosenblatt concur; Judge Levine taking no part.
 

 Order affirmed in a memorandum.