17-3850-ag
*Santana-Felix v. Barr*
BIA
Sagerman, IJ
A095 344 985

# United States Court of Appeals
# for the Second Circuit

AUGUST TERM 2018

No. 17-3850

JUAN CARLOS SANTANA-FELIX,
*Petitioner*,

*v.*

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL
*Respondent.*[*]

ARGUED: FEBRUARY 15, 2019
DECIDED: MAY 9, 2019

Before:     WALKER, CHIN, SULLIVAN, *Circuit Judges*.

Petition for a review of a decision of the Board of Immigration Appeals ("BIA") ordering Petitioner's removal based on a conviction for an aggravated felony. We deny the petition for review on the grounds that Petitioner's conviction for conspiracy in the second degree to commit a felony – here, murder in the second degree – under New York law is an aggravated felony.

NICHOLAS J. PHILLIPS, Prisoners' Legal Services of New York, Albany, New York, *for Petitioner*.

---

[*]  The Clerk of Court is respectfully directed to amend the official caption to conform to the above.

REBEKAH NAHAS, Trial Attorney (Joseph H. Hunt, Assistant Attorney General, Briena L. Strippoli, Senior Litigation Counsel, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, DC, *for Respondent.*

PER CURIAM:

Petitioner Juan Carlos Santana-Felix, a native and citizen of the Dominican Republic, seeks review of the BIA's October 24, 2017 affirmance of a June 15, 2017 decision of an Immigration Judge ("IJ") ordering Santana-Felix removed based on his conviction for conspiracy in the second degree, in violation of New York Penal Law ("NYPL") § 105.15. *In re Juan Carlos Santana-Felix,* No. A095 344 985 (B.I.A. Oct. 24, 2017), *aff'g*, No. A095 344 985 (Immig. Ct. Napanoch June 15, 2017). Because we find that Santana-Felix's conviction constitutes an aggravated felony, the petition for review is DENIED.

I.

Santana-Felix is a native of the Dominican Republic and, since 2006, a lawful permanent resident of the United States. In 2013, he was convicted under NYPL § 105.15 for conspiracy in the second degree. An Immigration Judge ordered his removal in part based on this offense. The BIA affirmed the IJ's order of removal based on two aggravated felony counts: an aggravated felony crime of violence under 8 U.S.C. § 1101(a)(43)(F) as defined in 18 U.S.C. § 16(b), and conspiracy to commit an aggravated felony under 8 U.S.C. § 1101(a)(43)(U). Therefore, only these two grounds are before us.

2

*See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).

The Supreme Court has since held that the crime of violence definition in § 16(b) is unconstitutionally void for vagueness. *Sessions v. Dimaya*, 138 S. Ct. 1204, 1215–16 (2018). Accordingly, the crime of violence determination cannot stand, and the only possible remaining basis for Santana-Felix's removal is his conviction under NYPL § 105.15 for conspiracy in the second degree to commit second-degree murder. We review *de novo* whether this conviction is an aggravated felony. *Pierre v. Gonzales*, 502 F.3d 109, 113 (2d Cir. 2007).

II.

In determining whether a state conviction constitutes an aggravated felony, we generally begin by applying the categorical approach to determine "whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding" offense listed in the Immigration and Nationality Act ("INA"). *Flores v. Holder*, 779 F.3d 159, 165 (2d Cir. 2015) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013)). Under this approach, we look only to the statute of conviction to determine whether there is a categorical match and "'presume that the conviction rested upon nothing more than the least of the acts criminalized' under the state statute." *Mellouli v. Lynch*, 135 S. Ct. 1980, 1986 (2015) (quoting *Moncrieffe*, 569 U.S. at 190–91).

When there is no categorical match, we next consider whether the state statute is divisible under the modified categorical approach – that is, whether the statute

encompasses "elements in the alternative, and . . . [thus] multiple crimes," as opposed to alternative means to commit the same crime. *Mathis v. United States*, 136 S. Ct. 2243, 2249, 2257 (2016). If the statute is divisible, we may look beyond the statute to the record of conviction, including the indictment, to determine whether the conviction is an aggravated felony. *See id.* at 2249.

NYPL § 105.15 is not a categorical match to the federal definition of conspiracy, which is an aggravated felony listed in the INA under 8 U.S.C. § 1101(a)(43)(U). Under New York law, "[a] person is guilty of conspiracy in the second degree when, with intent that conduct constituting a [C]lass A felony be performed, he agrees with one or more persons to engage in or cause the performance of such conduct." NYPL § 105.15. The INA's definition of conspiracy, however, requires that the conspiracy be to commit an "aggravated felony." 8 U.S.C. § 1101(a)(43)(U). Thus, we must ask whether all Class A felonies under New York law are "aggravated felon[ies]" under the INA. *Id.* Some are not. *Compare* NYPL § 220.21 (providing that possession of controlled substance is Class A felony), *with* 8 U.S.C. § 1101(a)(43)(B) (designating drug trafficking crimes as aggravated felonies only if they involve "illicit trafficking," which does not include mere possession). Accordingly, NYPL § 105.15 is not categorically an aggravated felony under the INA.

## III.

Nevertheless, when the ground of removal involves an inchoate crime like

4

solicitation, attempt, or conspiracy, we have taken an approach analogous to the modified categorical approach in which we consider only whether the "object crime" charged is an aggravated felony. This is because, absent proof of a specific intent to commit the object crime, an inchoate offense cannot lead to a conviction. *See Mizrahi v. Gonzales*, 492 F.3d 156, 161 (2d Cir. 2007).

In *Mizrahi*, we concluded that a New York conviction for solicitation under NYPL § 100.05(1) constituted a controlled substance offense under the INA because the object of the solicitation was a controlled substance offense and proof of "intent to solicit the commission of [the] particular crime" was necessary to the conviction. *Id.* In reaching that conclusion, we relied on both "New York's Criminal Jury Instructions, which require that juries be charged as to both the specific object crime of an alleged solicitation and that crime's statutory definition," and New York caselaw, which holds that intent to commit the underlying crime is an essential element of a solicitation conviction. *Id.* at 161–62 (citing *People v. Cheathem*, 658 N.Y.S.2d 84, 85 (2d Dep't 1997)). We held "that an inchoate offense cannot be isolated from the object statute that defines the crime's specific intent." *Id.* at 163.

We reach the same result here. Absent intent to commit the object offense, conspiracy is not a crime. *Id.* at 161 ("[C]riminality arises only when the inchoate conduct has the violation of some *other* law as its specifically intended objective."). New York's jury instruction for a conspiracy charge requires an instruction as to the specific object of

5

the conspiracy and the definition of that offense. Criminal Jury Instructions New York § 105.15. It further provides that "[t]he defendant must intend that conduct constituting a [C]lass A felony be performed," and intent "means conscious objective or purpose." *Id.* "Thus, a person acts with the intent that conduct constituting a [C]lass A felony be performed when his or her conscious objective or purpose is that such conduct be performed." *Id.*

New York caselaw also supports this conclusion, since the prosecution must prove the defendant had the intent to commit the specific object offense. "To establish the defendant's guilt of conspiracy in the second degree," the State must "prove that, with the intent that a [C]lass A felony be committed, the defendant agreed with others to engage in or cause the felony to be committed and that one of the conspirators committed an overt act in furtherance of the criminal scheme." *People v. Arroyo*, 93 N.Y.2d 990, 991 (1999) (citation omitted). Moreover, the prosecution must show that the agreement contemplated the elements of the substantive offense, *see, e.g.*, *People v. Joyce*, 474 N.Y.S.2d 337, 347 (2d Dep't 1984) (finding insufficient evidence for conspiracy to commit a Class C felony where the relevant felony required the display of a weapon and evidence did not show that defendant agreed to such a display), and New York's prohibition against duplicity demands that an individual count may charge only one offense to ensure a unanimous verdict, *see* N.Y. Crim. Proc. Law § 200.30; *People v. Keindl*, 68 N.Y.2d 410, 418 (1986), *superseded on other grounds by statute*, NYPL § 130.75, *as recognized in People v. Tabon*,

6

28 N.Y.3d 147, 154 (2016); *People v. Dathan*, 812 N.Y.S.2d 119, 120–21 (2d Dep't 2006) (dismissing conspiracy count where it was "uncertain whether the jurors convicted the defendant of conspiracy based on one or the other of the [C]lass A felony sales of which the defendant was convicted, or based on the aggregate weight of an unknown combination of lesser sales").

Here, the government met its burden of proving that the object offense in Santana-Felix's conspiracy conviction was second-degree murder. The BIA did not err in looking to the indictment to determine the object of the conspiracy because, where the judgment reflects only the statute for the inchoate offense, the agency may turn to the record of conviction to determine the object offense. *See Mizrahi*, 492 F.3d at 163. The record of conviction for immigration purposes includes "the charging document, a plea agreement, a verdict or judgment of conviction, a record of the sentence, or a plea colloquy transcript." *Dickson v. Ashcroft*, 346 F.3d 44, 53 (2d Cir. 2003); *see also Lanferman v. BIA*, 576 F.3d 84, 89 n.3 (2d Cir. 2009). Because the record of conviction includes a charging document, the BIA did not err in relying on the indictment, which explicitly charged second-degree murder as the object offense of the conspiracy charge.

As a last resort, Santana-Felix contends that the BIA should have disregarded the indictment because it was not signed by the district attorney. Santana-Felix did not present this argument on appeal to the BIA, and it is therefore waived. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (holding that we generally will not

address issues not raised before the BIA). Nevertheless, even if we were to reach the merits of this argument, we would still conclude that the BIA properly relied on the indictment, which was a certified copy that reflected a typed signature of the district attorney. *See Zerrei v. Gonzales*, 471 F.3d 342, 346 (2d Cir. 2006) (holding that evidence is admissible in removal proceedings as long as it does not violate due process, that is, as long as it is "probative and its use is fundamentally fair." (internal quotation marks omitted)); *People v. Sanchez*, 543 N.Y.S.2d 878, 879 (Bronx Sup. Ct. 1989) ("[I]t is the decision of this court [that] the typewritten signature of the District Attorney is sufficient to satisfy the 'signature' requirement set forth in Criminal Procedure Law § 200.50(9)."); *see also* 8 U.S.C. § 1229a(c)(3)(B) (allowing certified copies of documents to be used as proof of conviction).

IV.

Having determined that the object offense of Santana-Felix's conspiracy conviction was second-degree murder, we must determine whether second-degree murder under New York law constitutes an aggravated felony. We employ the same approach described above: we first ask whether the state statute is a categorical match, and if it is not, whether the statute is divisible so that we may apply the modified categorical approach. Santana-Felix contends that second-degree murder in violation of NYPL § 125.25 is not a match to murder under 8 U.S.C. § 1101(a)(43)(A) because "it is far from clear that *all* subsections . . . fit the Board's definition of an aggravated felony murder

8

offense." Petitioner's Br. at 31. But applying the categorical approach, second-degree murder is clearly an aggravated felony within the federal definition. *See* 8 U.S.C. § 1101(a)(43)(A) ("The term 'aggravated felony' means . . . murder . . . ."). Under federal law, "[m]urder is the unlawful killing of a human being with malice aforethought," 18 U.S.C. § 1111(a), and includes both (1) first-degree murder which encompasses premeditated and felony murder, *see id.*, and (2) second-degree murder which requires showing "a heightened disregard for human life," *see United States v. Velazquez*, 246 F.3d 204, 215 (2d Cir. 2001). Section 125.25 of the NYPL likewise requires showing (1) intent to commit murder, (2) depraved indifference to human life, or (3) felony murder.

Depraved indifference to human life has been defined by New York courts as "conduct . . . so wanton, so deficient in a moral sense of concern, so devoid of regard of the life or lives of others, and so blameworthy as to warrant the same criminal liability as that which the law imposes upon a person who intentionally causes the death of another." *People v. Russell*, 91 N.Y.2d 280, 287–88 (1998) (internal quotations omitted). Depraved indifference thus necessarily requires a showing of a heightened disregard for human life. *See Matter of M-W-*, 25 I. & N. Dec. 748, 756 (BIA 2012) ("'[D]epraved mind murder,' which has been described as 'outrageously reckless conduct' committed with 'wantonness or total indifference for the value of human life' is substantially similar to murders marked by 'extreme indifference to the value of human life.'"). Moreover, definitions of felony murder under both federal and New York state law are virtually

9

identical and include the same list of predicate offenses.[1]  Thus, NYPL § 125.25

categorically fits within the federal definition of murder pursuant to 8 U.S.C.

§ 1101(a)(43)(U) and is an aggravated felony.

V.

For the foregoing reasons, Santana-Felix's conviction for conspiracy in the second

degree to commit second-degree murder under New York law constitutes an aggravated

felony.  Accordingly, his petition for review is DENIED.

---

[1] A felony murder under federal law constitutes first-degree murder and includes the following predicate offenses: "any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery."  18 U.S.C. § 1111(a).  A felony murder under New York law constitutes second-degree murder and includes the following predicate offenses: "robbery, burglary, kidnapping, arson, rape in the first degree, criminal sexual act in the first degree, sexual abuse in the first degree, aggravated sexual abuse, escape in the first degree, or escape in the second degree."  NYPL § 125.25[3].  We are unaware of a situation where a felony murder under New York law would not also be murder under federal law.