19-2344-ag
*Moore v. Barr*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty.

PRESENT:    JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
            STEVEN J. MENASHI,
                        *Circuit Judges*,

---

STEVENSON RUBEN ONEAL MOORE,

           *Petitioner*,                           19-2344-ag

           v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

           *Respondent*.

---

FOR PETITIONER:               RICHARD W. MARK (Julianne L. Duran, *on the brief*), Gibson, Dunn & Crutcher LLP, New York, NY.


FOR RESPONDENT:               ERICA B. MILES, Senior Litigation Counsel, Office of Immigration Litigation (Lindsay B. Glauner, Senior Litigation Counsel, Office of Immigration Litigation; Joseph H. Hunt, Assistant Attorney General, Civil

Division, *on the brief*), U.S. Department of Justice, Washington, DC.

Appeal from a July 12, 2019 order and a September 1, 2017 order of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be and hereby is **DENIED**.

Petitioner Stevenson Ruben Oneal Moore ("Moore"), a native and citizen of Barbados, seeks review of the July 12, 2019, and September 1, 2017, decisions of the Board of Immigration Appeals ("BIA") affirming a March 15, 2017 decision of an Immigration Judge ("IJ") ordering removal for a crime involving moral turpitude ("CIMT") and denying Moore's applications for asylum and cancellation of removal. *See In re Stevenson Ruben Oneal Moore,* No. A041 731 144 (B.I.A. Jul. 12, 2019 & Sept. 1, 2017), *aff'g* No. A041 731 144 (Immig. Ct. N.Y.C. Mar. 15, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Because Moore was found removable under 8 U.S.C. § 1182(a)(2)(A)(i)(I) for having been convicted of a CIMT, our appellate jurisdiction is limited to Moore's constitutional claims and any questions of law arising from the decisions. *See* 8 U.S.C. § 1252(a)(2)(C), (D). Accordingly, we review *de novo*: (1) whether Moore's "crime of conviction contains those elements which have been properly found to constitute a CIMT," *Gill v. INS*, 420 F.3d 82, 89 (2d Cir. 2005) (emphasis omitted); and (2) Moore's due process challenge to the denial of his applications for asylum and cancellation of removal, *see Gjerjaj v. Holder*, 691 F.3d 288, 292 (2d Cir. 2012).

## I.      Removability: CIMT

On review of the circumstances presented, we conclude that Moore is removable for having been convicted of a CIMT because the object crime of his conspiracy offense was second-degree murder.

A CIMT is an offense that is "inherently base, vile, or depraved." *Gill*, 420 F.3d at 89 (internal quotation marks omitted). To determine whether an offense is a CIMT, we generally employ a "categorical approach", which focuses "on the intrinsic nature of the offense rather than on the factual circumstances surrounding any particular violation." *Id.* (internal quotation marks omitted). Under the approach, the agency and this Court look to the elements of the statute of conviction to determine whether a given crime is a CIMT. *See id.*

2

"To involve moral turpitude, a crime requires two essential elements: reprehensible conduct and a culpable mental state." *Matter of Silva-Trevino*, 26 I. & N. Dec. 826, 834 (B.I.A. 2016). Therefore, "[c]rimes committed knowingly or intentionally generally have been found, on the categorical approach, to be CIMTs." *Gill*, 420 F.3d at 89; *see also Mendez v. Mukasey*, 547 F.3d 345, 347 (2d Cir. 2008) ("Whether a crime is one involving moral turpitude depends on 'the offender's evil intent or corruption of the mind.'" (quoting *Matter of Serna*, 20 I. & N. Dec. 579, 581 (B.I.A. 1992))). "[T]he fact that a crime may be considered only a minor offense does not preclude a finding that it involves moral turpitude." *Michel v. INS*, 206 F.3d 253, 265 (2d Cir. 2000) (quoting *Matter of Serna*, 20 I. & N. Dec. at 581–82).

Moore's statute of conviction provides:

> A person is guilty of conspiracy in the fifth degree when, with intent that conduct constituting:
>
> 1. a felony be performed, he agrees with one or more persons to engage in or cause the performance of such conduct; or
>
> 2. a crime be performed, he, being over eighteen years of age, agrees with one or more persons under sixteen years of age to engage in or cause the performance of such conduct.

NYPL § 105.05.

Although we generally apply the categorical approach, where, as here, "the ground of removal involves an inchoate crime like solicitation, attempt, or conspiracy, . . . we consider only whether the 'object crime' charged is [a removable offense]. This is because, absent proof of a specific intent to commit the object crime, an inchoate offense cannot lead to a conviction." *Santana-Felix v. Barr*, 924 F.3d 51, 54 (2d Cir. 2019). "[W]here the judgment reflects only the statute for the inchoate offense, the agency may turn to the record of conviction to determine the object offense." *Id.* at 55. "The record of conviction for immigration purposes includes 'the charging document, a plea agreement, a verdict or judgment of conviction, a record of the sentence, or a plea colloquy transcript.'" *Id.* (quoting *Dickson v. Ashcroft*, 346 F.3d 44, 53 (2d Cir. 2003)).

Moore's indictment and plea transcript support the conclusion that the object crime of Moore's inchoate offense of conviction was second-degree murder. Under New York law, "[a] person is guilty of murder in the second degree when . . . [w]ith intent to cause the death of another person, he causes the death of such person or of a third person." NYPL § 125.25(1). There can be no question

that second-degree murder is a CIMT because it involves "reprehensible conduct and a culpable mental state." *Silva-Trevino*, 26 I. & N. Dec. at 834. Accordingly, Moore is removable as charged.[1]

## II.    Due Process Claim: Asylum and Cancellation

Moore primarily argues that he was denied due process because the discretionary denials of asylum and cancellation of removal were allegedly tainted by the IJ's reliance on unproven allegations in criminal indictments and the IJ's biased condemnation of Moore's HIV status. We disagree.

To prevail on a due process claim, a petitioner must show that he was deprived of a "full and fair opportunity" to present his case and resulting prejudice. *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007); *see also Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008). "[W]hen an IJ's conduct results in the appearance of bias or hostility such that we cannot conduct a meaningful review of the decision below, we remand." *Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006).

In finding Moore not credible and not worthy of a discretionary grant of asylum and cancellation of removal, the IJ relied heavily on one of Moore's criminal indictments. While the agency may consider a record of conviction when considering discretionary relief, we have cautioned the agency against crediting the allegations in charging documents as true. *See Padmore v. Holder*, 609 F.3d 62, 69 (2d Cir. 2010) ("While the BIA may *consider* . . . arrest reports, it may not base its decision denying relief upon the assumption that the facts contained in such documents are true." (internal citation omitted)). That said, Moore has not demonstrated prejudice from the IJ's reliance on the criminal indictments because the BIA's denial of relief as an exercise of discretion was based on a *de novo* review of discretionary factors and did not rely on allegations in the indictment. To the contrary, the BIA concluded that positive factors were outweighed by undisputed facts admitted by Moore under oath: his years-long association with a gang and his conviction for conspiracy to commit second-degree murder. Accordingly, any error by the IJ was not repeated by the BIA.

Moore also claims that the IJ was biased against him because of his HIV-positive status and his sexual relationships. But the IJ did not condemn Moore for being HIV positive and sexually active generally; instead, he was concerned that Moore's current partner who was already health-compromised had been unknowingly exposed to the virus. More critically, the IJ was not verbally

---

[1] Moore has failed to demonstrate that our recent decision in *Santana-Felix* and other pertinent binding precedents do not apply here, much less that they have been abrogated. Where, as here, the petitioner's conviction is for an inchoate offense, our decision in *Santana-Felix* governs our inquiry and confirms that, for purposes of applying the categorical approach, we consider the statute of the object of the conspiracy. *See Santana-Felix*, 924 F.3d at 55. That Moore's inchoate offense of conviction was a misdemeanor, as opposed to a felony like in *Santana-Felix*, is of no moment to our analysis here.

abusive or hostile such that meaningful review was impossible, *cf. Islam*, 469 F.3d at 56, and there is no indication in the record that the IJ declined to exercise discretion in Moore's favor because Moore was HIV positive.

## CONCLUSION

We have reviewed all of the remaining arguments raised by Moore on appeal and find them to be without merit. For the foregoing reasons, the petition for review is **DENIED** and, upon due consideration of Moore's renewed motion for bail, it is hereby ordered that the motion is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court