*Sahin v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand twenty-two.

Present:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

ERDAL SAHIN,

       *Petitioner*,

      v.                                                         21-6391-ag

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

       *Respondent*.

---

| | |
|---|---|
| For Petitioner: | JUSTIN CONLON, Law Offices of Justin Conlon, Hartford, CT |
| For Respondent: | JACLYN E. SHEA, Trial Attorney (Rebekah Nahas, Lindsay Glauner, Senior Litigation Counsel, *on the brief*) *for* Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC |

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Erdal Sahin, a native and citizen of Turkey, seeks review of a July 7, 2021, decision of the BIA affirming a February 3, 2021, decision of an Immigration Judge ("IJ") ordering his removal. *In re Erdal Sahin*, No. 044 951 067 (B.I.A. July 7, 2021), *aff'g* No. A044 951 067 (Immig. Ct. Hartford Feb. 3, 2021). We assume the parties' familiarity with the case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review *de novo* the sole question presented here: whether Sahin's 2005 conviction for sexual assault in the third degree in violation of Conn. Gen. Stat. § 53a-72a(a) (2002) is categorically a conviction for an aggravated felony crime of violence under 8 U.S.C. § 1101(a)(43)(F). *See Akinsade v. Holder*, 678 F.3d 138, 143 (2d Cir. 2012).

Section 1101(a)(43)(F) defines an aggravated felony, in relevant part, as a "crime of violence." 8 U.S.C. § 1101(a)(43)(F). In turn, a crime of violence is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a).

On January 10, 2005, Sahin pleaded nolo contendere and was convicted under Conn. Gen. Stat. 53a-72a(a). At the relevant time, this statute read as follows:

> (a) A person is guilty of sexual assault in the third degree when such person (1) compels another person to submit to sexual contact (A) by the use of force against such other person or a third person, or (B) by the threat of use of force against such other person or against a third person, which reasonably causes such other person to fear physical injury to himself or herself or a third person, or (2) engages in sexual intercourse with another person whom the actor knows to be related to him or her within any of the degrees of kindred specified in section 46b-21.

A conviction under subsection (a)(1) is "categorically" a crime of violence as defined under 18

2

U.S.C. § 16(a) because it "necessarily includes as an element the use or threatened use of violent force." *Kondjoua v. Barr*, 961 F.3d 83, 85, 91 (2d Cir. 2020). Because subsection (a)(2) does not have an element of force, the statute as a whole does not categorically set forth a crime of violence. However, because the statute is divisible, in that it lists two distinct sets of elements in the alternative, the agency and courts apply a modified categorical approach and perform a limited review of the record to determine under which subsection Sahin was convicted. *Santana-Felix v. Barr*, 924 F.3d 51, 54 (2d Cir. 2019) (citing *Mathis v. United States*, 579 U.S. 500, 505–06 (2016)).

The agency did not err in relying on a transcript of Sahin's plea colloquy to determine that Sahin was convicted under subsection (a)(1). The agency's review of the record "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 15 (2005); *see also Santana-Feliz*, 924 F.3d at 55 ("The record of conviction for immigration purposes includes . . . a plea colloquy transcript." (internal quotation marks and citation omitted)).

During Sahin's plea colloquy, the prosecutor described the facts of the case as follows:

> While at [a] Christmas party, the defendant had given the victim some liquor to drink and that she was sick and left the restaurant and went out to her vehicle and the defendant went out with her and got into the vehicle and at that time, without the victim's consent and against her will, had sexual intercourse with her by holding her down using her wrists.

Certified Administrative Record (CAR) 126:21–127:1. The judge then confirmed that Sahin understood that he was giving up his right to a jury trial and to plead not guilty to subsection (a)(1)(A), which the judge proceeded to read aloud:

> THE COURT: The statute you pled to reads as follows – What subsection, please, Jeff?

3

THE CLERK: Sub (a).

THE COURT: A person is guilty of sexual assault in the third degree when such person compels another person to submit to sexual – submit to sexual contact by the use of force against such other person or a third person.

You've now given up your right to remain silent; to plead not guilty to a Court or jury trial with the assistance of your attorney; to cross-examine witnesses; call witnesses on your own behalf; testify if you wanted to; present any defenses you might have had; and to have the State prove you're guilty beyond a reasonable doubt. By pleading nolo contendere, you've given up all rights to have a trial. Do you understand that, sir?

THE DEFENDANT: Yes.

THE COURT: My understanding is that this case was ready to start evidence and you've given up that right now by doing this. Do you understand that? There's not going to be a trial.

THE DEFENDANT: Yes.

CAR 131:8–132:3. The judge further confirmed that Sahin understood that the court would accept the plea on the basis of the facts recited by the prosecutor:

THE COURT: Now, you understand you've pled nolo contendere or no contest, but based on the facts that were recited by the State's Attorney, the Court will make a finding of guilty, sir. Do you understand that?

THE DEFENDANT: Okay.

THE COURT: Is that a yes or a no?

THE DEFENDANT: Yes.

CAR 132:11–18.

Two kinds of proof can establish that Sahin was convicted under subsection (a)(1): "(i) proof that [he] admitted to predicate conduct when confirming the factual basis for a valid plea; [and] (ii) proof that the charge was narrowed to include only predicate conduct." *United States v. Savage*, 542 F.3d 959, 966 (2d Cir. 2008) (citing *Shepard*, 544 U.S. at 21–22). Because Sahin pleaded nolo contendere, the prosecutor's factual recitation alone is not proof that the petitioner

4

confirmed the factual basis of the plea. *See id.* ("Because Savage entered an *Alford* plea in which he refused to admit his participation in the acts constituting the crime, Savage did not, by design, confirm the factual basis for his plea." (internal quotation marks and citation omitted)); *Burrell v. United States*, 384 F.3d 22, 29–30 (2d Cir. 2004) (noting that Connecticut law places "evidentiary limits . . . on attempts to use *Alford* and nolo contendere pleas as admissions of factual guilt in subsequent proceedings").

However, we find sufficient proof under the circumstances here because the plea transcript reflects that Sahin understood he was pleading narrowly to subsection (a)(1) based on the judge's statement that Sahin was pleading guilty to the subsection that the judge read aloud—that is, the language found in subsection (a)(1)(A)—and Sahin's subsequent confirmation that he understood he was doing so. *See Chery v. Garland*, 16 F.4th 980, 986 (2d Cir. 2021) ("Petitioners' [*Alford*] plea colloquies make clear that they were charged and pleaded guilty under the narcotic substance element."); *Canada v. Gonzales*, 448 F.3d 560, 566–68 (2d Cir. 2006) (nolo contendere plea colloquy revealed that the petitioner was convicted of assault on a police officer).

For the foregoing reasons, the petition for review is DENIED and the motion for judicial notice is DENIED as moot.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[1] Consideration of the plea colloquies in the administrative records underlying our decision in *Chery* would not change our conclusion.